607 So.2d 719 (1992)
Petra Schmitt, wife of/and Frederick YOUNG
v.
William J. OBERHELMAN, Jr., et al.
No. 91-CA-2425.
Court of Appeal of Louisiana, Fourth Circuit.
October 15, 1992.
*720 Nolan P. Lambert, Lambert & Lambert, New Orleans, for plaintiffs/appellants.
Jerald L. Album, Suzanne M. Ganucheau, Abbott & Meeks, New Orleans, for defendants/appellees.
Before BARRY, PLOTKIN and LANDRIEU, JJ.
PLOTKIN, Judge.
Plaintiffs Petra and Frederick Young seek review of a trial court judgment granting a motion for summary judgment in favor of defendant Dr. Bug, Inc. For the reasons to follow, we reverse.
Facts
Plaintiffs entered an agreement with defendants William J. Oberhelman Jr. and Elizabeth Oberhelman Bedikian to purchase the home located at 1322 Burdette Street in New Orleans on April 13, 1989. Defendant Dr. Bug, Inc. inspected the home for termites on May 23, 1989. After the inspection, Dr. Bug issued a "Wood Destroying Insect Report," which noted visible evidence of active infestation of subterranean termites, as well as visible damage caused by subterranean termites in certain parts of the house. The report also stated that the house was treated for termites on May 23, 1989 and that the house was under a guarantee from Dr. Bug. A termigraph indicating the areas of termite damage accompanied the report; a notation on the termigraph stated that the damage was not limited to the areas shown.
After the act of sale, plaintiffs discovered active termite infestation, as well as termite damage not indicated on the termigraph. They filed suit against the sellers, Dr. Bug, and a number of other business enterprises which inspected the property for termites and/or for structural damage, seeking rescission of the sale or, alternatively, damages for their losses. Dr. Bug filed the instant motion for summary judgment, which was granted by the trial court. Plaintiffs appealed.
Standard for Reviewing Trial Court Judgment Granting Motion for Summary Judgment
When reviewing a trial court decision granting a motion for summary judgment, appellate courts consider the evidence de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Schroeder v. Board of Supervisors, 591 So.2d 342, 345 (La.1991). Thus, the appellate court must make an independent determination of whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). Therefore, a trial court judgment granting a motion for summary judgment must be reversed unless the reviewing court finds that the mover proved both of the following elements: (1) no genuine issues of material fact exist, and (2) the mover is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979); Transworld Drilling v. Texas General Petroleum Co., 524 So.2d 215, 217 (La.App. 4th Cir.1988). All evidence and inferences drawn from the evidence must be construed in the light most favorable to the party opposing the motion. Schroeder, 591 So.2d at 345. Additionally, all allegations of the party opposing the motion must be taken as true and all doubt must be resolved in his favor. Id.
Genuine Issues of Material Fact
In the instant case, Dr. Bug relies on the written evidence contained in the "Wood Destroying Insect Report" and the termigraph to support its motion for summary judgment; no other supporting documents were filed. Dr. Bug also claims that the plaintiffs' petition supports its motion for summary judgment since the petition states that the plaintiffs told the sellers' real estate agent that they did not want to buy the house on two occasions after Dr. Bug's report was issued. Dr. Bug claims that those allegations indicate that its report put the plaintiffs on notice concerning the termite damage and that the plaintiffs should not now be allowed to proceed against it in tort.
*721 The plaintiffs petition' alleges that Dr. Bug is liable to them for the following "non-exclusive list of particulars":
1. Failure to adequately inspect the premises;
2. Failure to see what should have been seen;
3. Failure to adequately treat the house for termites;
4. Issuing a report based upon the inspection which the petitioners detrimentally relied upon in purchasing the house;
5. Under the doctrine of respondeat superior based on the acts of its employees; and
6. Under the doctrine of res ipsa locquitor.

By affidavit attached to the plaintiffs' opposition to the motion for summary judgment, Mr. Young alleged specifically that Dr. Bug was negligent in inadequately treating the house for termites. Mr. Young also states that a representative of Dr. Bug assured him and his wife that the house was "bug-free" following the treatment for termites. On appeal, they argue primarily that Dr. Bug is liable for the damage they suffered because they relied on the alleged statement by a Dr. Bug employee that the house was "bug-free" to their detriment.
We find that genuine issues of material fact remain, especially concerning whether a Dr. Bug representative told the plaintiffs' that the house was "bug-free." Thus, the trial court improperly granted the motion for summary judgment. As stated above, all allegations made by the party opposing a motion for summary judgment must be considered true when determining whether the motion was properly granted. The plaintiffs raise material issues concerning alleged representations made by the defendant's agents which they claim to have relied upon in purchasing the house. If the plaintiffs can prove that those representations were in fact made, Dr. Bug might be found liable for the plaintiffs' losses. The trial court's decision to the contrary was clearly wrong and is hereby reversed.
Entitlement to Judgment as a Matter of Law
The trial judge stated as follows in his reasons for granting Dr. Bug's motion for summary judgment:
It appears that the provisions of Civil Code Article 1967 do not permit a detrimental reliance recovery by a third party on a promise made to another party; therefore, plaintiffs' argument does not seem appropriate. Further, it would appear that any cause of action against Dr. Bug would lie with the vendor to whom a guarantee was made, not the plaintiffs.
Since the trial court failed to address the factual issues, we assume that his granting of the motion for summary judgment was based purely on his finding that the plaintiffs, who did not contract directly with Dr. Bug, have no cause of action in detrimental reliance since they were third parties to the contract between Dr. Bug and the sellers. Apparently the trial judge concluded that the questions of fact discussed above were not material because the plaintiffs were not entitled to recovery under any theory.
We disagree. As the Third Circuit noted in Payne v. O'Quinn, 565 So.2d 1049 (La.App. 3d Cir.1990), a case factually similar to the instant case, the Louisiana Civil Code articles dealing with delictual responsibility, La.C.C. arts. 2315-16, "afford a broad ambit of protection for persons negligently damaged by acts of others sufficient to encompass a cause of action for negligent misrepresentation," Id. at 1053, provided the plaintiffs can prove the following elements: (1) the defendant owed a duty to supply correct information, (2) the defendant breached that duty, and (3) the plaintiff suffered damages because of the breach. Id., citing Devore v. Hobart Manufacturing Co., 367 So.2d 836 (La.1979). In Payne, the Third Circuit specifically held that the purchaser of a termite-infested house has a cause of action against a termite company which contracted with the former owner of the house to inspect the property prior to the sale. We agree with the Third Circuit's reasoning on this issue and find that the allegations of the plaintiffs' petition are sufficient to state a cause *722 of action against Dr. Bug. As demonstrated by the Payne decision, the plaintiffs are not limited to an action in detrimental reliance under the circumstances of this case.
In brief, Dr. Bug attempts to factually distinguish the Payne case from the case at hand. This argument might have some merit if the parties agreed on the material facts in the instant case; however, as noted above, they do not agree. Whether the plaintiffs are indeed entitled to recover from the defendant on the facts as the defendant sees them in this particular case is not the issue in determining whether the defendant is entitled to a motion for summary judgment. The only questions to be considered are whether genuine issues of material fact exist and whether the defendant is entitled to summary judgment as a matter of law. The motion for summary judgment may be properly granted only if the answer to both of those questions is "yes." Because the answer to both questions is "no" in the instant case, the trial court improperly granted the defendant's motion.
Conclusion
Accordingly, the trial court judgment granting Dr. Bug's motion for summary judgment against the plaintiffs is reversed. The case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.