614 So.2d 295 (1993)
Judy Barrie, wife of/and Michael H. BARRIE
v.
V.P. EXTERMINATORS, INC., et al.
No. 92-CA-0389.
Court of Appeal of Louisiana, Fourth Circuit.
February 11, 1993.
Writ Granted May 7, 1993.
*296 John A.E. Davidson, Metairie, for appellants.
John W. Waters, Sr., Bienvenu, Foster, Ryan & O'Bannon, New Orleans, for appellees.
SCHOTT, C.J., and PLOTKIN and LANDRIEU, JJ.
SCHOTT, Chief Judge.
Plaintiffs filed suit against Secor Bank to rescind the sale of a house in Metairie and against V.P. Exterminators, Inc. and its insurer, Scottsdale Insurance Company, for damages based upon plaintiffs' discovery of terminate damage in the house after they took title. V.P. and Scottsdale filed exceptions of no cause of action and motions for summary judgment. From a judgment sustaining the exceptions and granting summary judgments, plaintiffs have appealed. The issue is whether plaintiffs have a cause of action against a termite inspector with whom they had no direct relationship and who was employed by the seller to make an inspection and issued a certificate to the bank before the sale.
Plaintiffs alleged as follows: On August 30, 1990, they confected an agreement to purchase a house from Secor Bank. The agreement provided, "Seller to provide termite certificate showing free and clear". Secor employed V.P. to make a termite inspection of the house. On September 11, V.P. issued a "wood destroying insect report" indicating that there was no physical evidence of active and/or old infestation from subterranean termites. Based upon this representation, plaintiffs purchased the property from Secor on September 14 and on September 16 they discovered extensive old and active damage from termite infestation. V.P. was negligent in misrepresenting the condition of the premises to the plaintiffs. Plaintiffs did not file the termite certificate with their petition.
V.P. responded with exception of no cause of action and motion for summary judgment to which it attached the termite certificate issued by V.P. to Secor prior to the act of sale as alleged by plaintiffs in their petition.
Plaintiff have no cause of action against V.P. in contract because they were not parties to the contract between Secor and V.P. and had no privity of contract otherwise. Neither do they have a contractual cause of action based upon detrimental reliance because this extends only to contracting parties, but not to third parties. LSA-C.C. art. 1967.
The remaining question is whether plaintiffs have a cause of action for negligent misrepresentation under these facts where they had no direct relationship with V.P. whatsoever. In this connection plaintiffs rely primarily on Payne v. Quinn, 565 So.2d 1049 (La.App. 3rd Cir.1990). That *297 case is distinguishable on its facts because the termite inspector was employed by a real estate broker who represented both the seller and the buyer. Consequently, the buyer was privy to the agreement with the termite inspector. In addition, the Payne court erroneously extended the doctrine of negligent misrepresentation to a third party by misinterpreting that circuit's earlier case of Cypress Oilfield Contractors v. McGoldrick, 525 So.2d 1157 (La. App. 3rd Cir.1988), writ denied, 530 So.2d 570 (La.1988).
In Payne the court, in discussing the doctrine of negligent misrepresentation, stated that all previous cases until Cypress which applied the doctrine did so in the context of an existing fiduciary relationship between the plaintiff and the defendant. However, the Payne court stated that Cypress for the first time held that the legal duty which must exist to support negligent misrepresentation extends to a third party. The fallacy of this statement is that it fails to recognize that in Cypress there was a direct relationship between the obligee and the obligor which made the misrepresentation.
In Cypress there was a contractor who did some work for McGoldrick. The contractor sub-contracted the work to Cypress. About the time the job was finished, McGoldrick received a notice from the First Acadiana Bank that the contractor had assigned to the bank its invoice for the work. The bank told McGoldrick in a letter that the contractor was financially sound and directed McGoldrick to remit payment to the bank. McGoldrick did so and a few days later the contractor went bankrupt and Cypress filed a lien against McGoldrick. It filed a third party demand against the bank which the Third Circuit approved under the doctrine of negligent misrepresentation. It cannot be gainsaid that there was a direct relationship between McGoldrick and the bank. The Third Circuit in Payne erred in saying McGoldrick was a third party with respect to the bank.
In Devore v. Hobart Mfg. Co., 367 So.2d 836 (La.1979), the court recognized the doctrine of attorney negligence for a misrepresentation, but there was a direct relationship between the parties. The attorney for the school employee who was injured because of a defective kitchen appliance wrote the School Board and asked who was the manufacturer of the appliance. The Board gave the wrong information and by the time the attorney sued the right entity her claim had prescribed.
In Young v. Oberhelman, 607 So.2d 719 (La.App. 4th Cir.1992) involving facts similar to those of the instant case, the court held that the purchasers had a cause of action against the termite inspector for negligent misrepresentation. However, there was a major distinction in the facts of that case. The plaintiffs stated that the termite inspector told them the house was "bug free". In other words, there was a direct connection and communication of the misrepresentation between the inspector and the plaintiffs as in Cypress and Devore. This element is missing in the present case, so that the doctrine of misrepresentation does not apply.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
PLOTKIN, J., dissents with reasons.
PLOTKIN, Judge, dissenting.
The majority erroneously concludes that the plaintiffs, purchasers of a home, do not have a cause of action for negligent misrepresentation against the defendant V.P. Exterminator Inc., a termite inspector, because there was no "direct connection and communication of misrepresentation between the inspector and the plaintiffs." This restricted statement of law, that there must be a direct relationship between the tortfeasor's act and the injured party, conflicts with Civilian legal principles and the prevailing jurisprudence; therefore, I dissent.
It is undisputed that V.P. represented that the house was free of termites to Secor Bank. It is also clear that Secor Bank passed this inspection report on to the plaintiffs who relied upon the inspection *298 report in purchasing the house. In fact, they allege that they could not acquire financing for the house unless they presented a free and clear termite inspection report to their lender. Therefore, the question is whether V.P. owed a duty to the plaintiffs to supply correct information when issuing the termite inspection report.

THIRD PARTY CLAIMS:
Initially, the majority relies upon the fact that the representation in this case was made to the Bank and not the plaintiffs. Therefore, because the plaintiffs were the direct recipient of the misrepresentation they have no cause of action against the tortfeasor, V.P. Exterminators. La.C.C. art. 2315 states that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." This article, neither explicitly nor implicitly, recognizes the doctrine that there must be a direct relationship between the tortfeasor's act and the injured party. The elements of a tort are fault, causation and damage. Weiland v. King, 281 So.2d 688, 690 (La.1973); Smith v. English, 586 So.2d 583, 588 (La.App.2d Cir.1991). Nothing in these elements suggests that the act which causes damage must be directly related to the injured party.
A doctrine which requires a direct relationship between the act committed and the party injured would terminate all actions for damages by a third party who was injured by the tortfeasor but not the recipient of the act itself. Thus, wrongful death actions under La.C.C. art. 2315.2 would be terminated because the plaintiff was not the direct recipient of the act which caused the death. Additionally, the cause of action expressly recognized in La.C.C. art. 2315.6, whereby a mother can recover for the damages she suffered from seeing her child injured by the act of the tortfeasor, could not exist because the mother was not directly injured by the tortfeasor's act. Furthermore, the law is replete with examples of third parties recovering for damage suffered due to the negligence of the tortfeasor even though the act was not directed at them. I find it hard to believe that the majority wishes to revert to a doctrine of privity which has not been recognized in our jurisprudence in quite some time.

PROTECTION OF A THIRD PARTY UNDER NEGLIGENT MISREPRESENTATION:
Beyond the fact that Louisiana has recognized that third parties may have a claim in tort even if they are not the recipient of the tortious act, a third party may also assert a claim specifically under negligent misrepresentation. This is so in both common law jurisdictions as well as Louisiana.
The consistent approach, in line with our jurisprudence and common law jurisdictions, is to allow recovery by any injured party where it is reasonable for the tortfeasor to foresee that his acts might cause damage to that specific party. In other words, it must be reasonable for the defendant to foresee that the plaintiff would rely on his representations.
Section 552 of the Restatement of Torts (Second) reads as follows:
(1) One who, in the course of his business, profession or employment, or in any transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information
(2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered
(a) by the person or one of a limited group of persons for whose benefit or guidance he intends to supply the information or knows that the recipient intends to supply it, and
(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.
Commenting on this area of the law, Professors Prosser and Keeton posit that:
The plaintiff must be a person for whose use the representation was intended, and it is not enough that the defendant ought *299 reasonably to have foreseen reliance by someone such as the plaintiff. Also, if the plaintiff is not an identifiable person for whose benefit the statement was intended, he must at least have been a member of some very small group of persons for whose guidance the representation was made.
Prosser and Keeton on Torts, § 107 at 747 (5th ed. West 1984). This statement of the law has not changed, as exemplified by Professor Prosser's statement when analyzing the duty owed by the defendant to third parties under negligent misrepresentation. A "duty has been found where (the representation) is made to a third person with knowledge that he intends to communicate it to the specific individual plaintiff for the purpose of inducing him to act." Prosser, Law of Torts § 107 at 707 (4th ed. West 1971). Clearly, the weight of the common law is on the side of finding a duty to supply correct information where the defendant either knows that the plaintiff will rely on his assertions or where the plaintiff is a member of that small group for whose benefit the statement was made.
In the instant case, it is not yet known whether V.P. knew of the identity of the plaintiffs and whether it knew it was issuing the termite inspection report for their benefit as well as for the Bank. However, even if V.P. did not intend to issue the report to the plaintiffs it may be shown that V.P. knew that Secor Bank intended to use the information to guide the plaintiffs in the transaction. Therefore, if either of the preceding facts can be shown to exist then the plaintiffs fit within the small group of third parties protected under the doctrine of negligent misrepresentation.

RECONCILING PAYNE AND CYPRESS WITH THE INSTANT CASE:
Beyond the common law jurisdictions which recognize a third parties ability to sue for negligent misrepresentation the Third Circuit of Louisiana has also recognized this cause of action. The majority seeks to distinguish Payne v. O'Quinn, 565 So.2d 1049 (La.App. 3rd Cir.1990) on its facts as well as by attacking the case on which Payne relies Cypress Oilfield Contractors, Inc. v. McGoldrick Oil Company, 525 So.2d 1157 (La.App. 3rd Cir.1988). The majority misconstrues the focus of Payne and Cypress. Both Payne and Cypress are support for the cause of action sought by the plaintiffs.
The majority regards the present case in terms of the contractual relationship between the Bank and V.P. thus viewing the plaintiff as a third party attempting to benefit from this relationship which the majority feels it cannot. However, in this case the contractual relationship between Secor Bank and V.P. is totally irrelevant. The cause of action here is one in tort, not contract.
The Third Circuit correctly analyzed this same situation by looking at the relationship between the plaintiffs and the party that they were dealing with prior to the entrance of the tortfeasor into the relationship. Once the third party tortfeasor, in this case V.P., entered the relationship, the Third Circuit stated that it assumed a duty to supply correct information to both parties in the pre-existing relationship. Applying these principles to both of the cases from the Third Circuit we find that the court is consistent in its application and the rule that it laid down is directly applicable to the case at bar.
In Cypress, the contractor and McGoldrick were involved in a contractual relationship for the building of a bridge. At about the time of payment the contractor told McGoldrick to hold up on payment. Later First Acadian Bank (FAB), a third party to the relationship, told McGoldrick that the contractor was solvent and to pay it instead of the contractor. McGoldrick did so and the contractor went bankrupt leaving the subcontractor unpaid. The Third Circuit held that when FAB gave the information concerning the contractor to McGoldrick it assumed a duty to supply correct information. The third Circuit regarded FAB as a third party to the relationship thus it was extending the duty to supply correct information beyond the relationship to a third party who had no prior dealings with the relationship.
*300 In Payne, the Third Circuit was faced with a similar situation as the case before us. There was a real estate broker who represented both the buyer and the seller. He contacted a termite inspector to inspect the house. The termite inspector did so and communicated to the broker that there was only old termite damage. The broker then told the buyer of the contents of the report and the buyer relied on the information. The Third Circuit correctly regarded the termite inspector as a third party to the relationship between the broker and the buyer. Thus, when the termite inspector conducted the inspection he assumed a duty to "insure that the information it provided as part of its stated obligation, as well as that which it volunteered to provide, was correct." Payne v. O'Quinn, 565 So.2d 1049, 1052 (La.App. 3rd Cir.1990).
To the Third Circuit it did not matter that the representation made in Cypress was directly from the tortfeasor to the plaintiff because in Payne the representation was made to the other party in the relationship, the broker, and then communicated to the plaintiff who relied on the statement to his detriment. The situation in Payne is exactly the situation in this case. V.P. made a representation to the other party to the relationship, Secor Bank, who then communicated it to the plaintiffs. They relied on the statement to their detriment. Thus, under the holdings of Payne and Cypress the termite inspector assumed a duty to supply correct information to both parties in the relationship with which it was dealing.
This court has also recognized that a termite inspector is liable for the misrepresentations made to the purchaser of a house. Young v. Oberhelman, 607 So.2d 719 (La.App. 4th Cir.1992). The majority attempts to distinguish Young on the same basis that it attempts to distinguish Cypress and Payne, in that the defendant in Young made a direct misrepresentation to the plaintiffs. As I noted above, this is not a valid distinction in that it does not matter whether the tortious act was directed at the plaintiff. The question is whether the defendant could reasonably foresee that his act would harm this particular plaintiff.
Even if I was to agree that Payne is distinguishable from the instant case, the Third Circuit has recognized the ability of a third party to sue for the damages they suffered due to the tortfeasor's misrepresentation to another party. In Dohmann v. United Gas Pipe Line, 457 So.2d 307 (La.App. 3rd Cir.1984) the tortfeasor represented to the plaintiff's husband that the husband's loan was covered by an insurance policy in case the husband died. However the tortfeasor failed to clarify that the policy limit was for $10,000. The amount of the loan outstanding at the time of the husband's death was in excess of $18,000. The Third Circuit allowed the wife to sue the tortfeasor for the representation made to the husband.
Whether one recognizes that the tortfeasor, as a third party, assumes the duty to supply correct information as in Payne, Cypress and Young or whether the plaintiff as a third party has the ability to recover damages due to the negligent misrepresentation made to another party as in Dohmann, the result is the same. Under either approach the plaintiffs in the instant case have a cause of action against V.P. for negligent misrepresentation. Additionally, either approach is consistent with the common law jurisdictions. Either approach recognizes that Louisiana holds a defendant liable for his negligent misrepresentation when he could or should have reasonably foreseen that his actions would cause damage to the plaintiff.
CONCLUSION:
The majority is incorrect in relying upon the rejected doctrine of privity of contract in a claim for tortious negligent misrepresentation. The overwhelming amount of authority in this country and state is to the contrary. Therefore, I would reverse the granting of the motion for summary judgment and remand the case for further proceedings.