819 So.2d 1146 (2002)
MAGIC MOMENTS PIZZA, INC., d/b/a Little Caesar's Pizza and St. Paul Fire and Marine Insurance Company
v.
LOUISIANA RESTAURANT ASSOCIATION and Powell Insurance Agency, Inc.
No. 02-CA-160.
Court of Appeal of Louisiana, Fifth Circuit.
May 29, 2002.
Rehearing Denied July 8, 2002.
*1147 John W. Perry, Jr., Daniel J. Balhoff, Atkinson, Perry, Atkinson & Balhoff, L.L.C., Baton Rouge, LA, Attorneys for Plaintiffs/Appellants Magic Moments Pizza, Inc., et al.
Lawrence J. Centola, Jr., Hoffman, Siegel, Seydel, Bienvenu, Centola & Cordes, New Orleans, LA, Attorneys for Defendant/Appellee Louisiana Restaurant Association.
James M. Garner, Joshua S. Force, Sher, Garner, Cahill, Richter, Klein, McAlister & Hilbert, New Orleans, LA, Attorneys for Defendant/Appellee Powell Insurance Agency, Inc.
Panel composed of Judges SOL GOTHARD, MARION F. EDWARDS and WALTER J. ROTHSCHILD.
*1148 SOL GOTHARD, Judge.
Plaintiffs, Magic Moments Pizza and its general insurer, St. Paul, filed suit on December 10, 1999, against Louisiana Restaurant Association (LRA) and Powell Insurance Agency, alleging damages as a result of detrimental reliance. In their petition, plaintiffs allege that LRA and Powell assured them that worker's compensation insurance had been procured, when it had not. On October 29, 2001, the trial court granted summary judgment in favor of defendants, dismissing plaintiffs' suit. This appeal followed.
In late December of 1998, Magic Moments Pizza acquired eight stores, seven in Louisiana and one in Mississippi. Chip Burr of Magic Moments, contacted LRA to obtain worker's compensation insurance. Pam Berry handled his inquiry. Ms. Berry's deposition was presented as evidence by both plaintiff and defendant in the motion for summary judgment. Ms. Berry stated that Mr. Burr indicated that worker's compensation insurance was needed, to be effective on January 1, 1999, and that Mr. Burr was quite nervous about obtaining coverage. She told him that LRA could provide coverage for the Louisiana locations, but not for the Mississippi store. She further told him that she would talk to their insurance underwriter to help find insurance for the Mississippi location. LRA contacted Mr. O'Brien of Powell Insurance Agency, who told her that coverage was not a problem. Ms. Berry stated that Mr. O'Brien was aware that coverage needed to be effective January 1st. Ms. Berry stated that, as a result of contact with Mr. O'Brien, she faxed Mr. Burr on January 13, 1999, telling him that coverage was effective January 1st, and that he needed to send a deposit.
Mr. O'Brien's deposition was also submitted by both parties. He stated that he provided the quote for coverage, but he never stated that coverage would be effective January 1st.
Powell received the deposit of Magic Moments on or about January 28, 1999.
Tanya Drennan, an employee at the Mississippi store, was injured on January 15, 1999. When Magic Moments turned her claim over to Powell, it was informed that there was no worker's compensation coverage on the Mississippi store until January 29, 1999.
At the time of Ms. Drennan's accident, Magic Moments was insured by St. Paul pursuant to an employment benefit plan for liability coverage. Magic Moments and St. Paul entered into an "Assignment and Subrogation Agreement" in which St. Paul paid and/or reimbursed worker's compensation claims, and in return, any rights which Magic Moments had against the LRA and/or Powell would be assigned and/or transferred and/or subrogated to St. Paul.
The trial court, in granting the motions for summary judgment filed by the LRA and Powell, found that the uncontroverted evidence showed that there was no confirmation of coverage by either defendant, and therefore nothing to support a claim of detrimental reliance.[1] In this appeal, *1149 plaintiffs allege that the trial court erred in its finding that there was no genuine issue of fact. Defendants respond that the trial court was correct. In the alternative, they argue that St. Paul has no right of subrogation.
A summary judgment is appropriate when there remains no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. Summary judgments are now favored in the law and the rules should be liberally applied. Nutt v. City of Gretna, 00-1864 (La.App. 5 Cir. 5/16/01), 788 So.2d 617; Carr v. Wal-Mart Stores, Inc., 00-896 (La.App. 5 Cir. 10/31/2000), 772 So.2d 865; writ denied, 00-3247 (La.1/26/01), 782 So.2d 636. The summary judgment procedure shall be construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions. La. C.C.P. art. 966; Perricone v. East Jefferson General Hospital, 98-343 (La.App. 5 Cir. 10/14/98), 721 So.2d 48. The mover bears the burden of proof; however, the mover need only to "point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim". La. C.C.P. article 966 C(2). Once the mover has made a prima facie showing that the motion shall be granted, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain. Perricone v. East Jefferson General Hosp., supra. Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Carr v. Wal-Mart Stores, Inc., supra.
La. C.C. art. 1967 provides that:
Cause is the reason why a party obligates himself.
A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.
Thus, in order to recover damages for detrimental reliance, the party must prove (a) the existence of a promise and (b) reasonable reliance on that promise to the party's detriment. Schell v. NK Enterprises, Inc., 96-362 (La.App. 5 Cir. 1/15/97), 688 So.2d 68. Furthermore, contractual cause of actions based upon detrimental reliance apply only to contracting parties, and not to third parties. Barrie v. V.P. Exterminators, Inc., 614 So.2d 295 (La.App. 4 Cir.1993), citing La. C.C. art. 1967.
Appellants allege that the trial court erred in failing to find factual issues concerning whether there was any assertions that coverage for the Mississippi store had been obtained. We agree. In her deposition, Pam Berry states that she was told, by Powell's employee, that there was coverage, and she conveyed this information to Magic Moments via fax. The deposition of Mr. O'Brien, Powell's employee, is in direct conflict with this testimony. Accordingly, we find that there are issues of fact as to whether promises were made to plaintiff, and whether there was reasonable reliance on the promise to plaintiffs' detriment.
*1150 Defendants also allege that Magic Moments was a third party to any dealings between Powell and LRA, and therefore cannot prevail under the theory of detrimental reliance. However, there are unresolved issues concerning Magic Moments' status as a third party, or the contracting party being represented by LRA.
Appellees also argue that there is no error in the trial court's decision granting summary judgment as subrogation is not applicable in this case.
La. C.C. art. 1825 provides that "Subrogation is the substitution of one person to the rights of another."
When subrogation results from a person's performance of the obligation of another, that obligation subsists in favor of the person who performed it who may avail himself of the action and security of the original obligee against the obligor, but is extinguished for the original obligee.
La. C.C. art. 1826.
See also, Copeland v. Slidell Memorial Hosp., 94-2011 (La.6/30/95), 657 So.2d 1292, pp. 1296-1297.
Defendants argue that St. Paul could only be subrogated to the rights of the injured employee, as the obligee, and because the injured employee had no rights against them, St. Paul also would have no rights against them. We disagree. At issue in this case is the contract to obtain worker's compensation insurance. Had the contract been complete, Powell would have been obligated to provide worker's compensation insurance and Magic Moments would have had the right to be insured. Thus, in this situation, the obligee is Magic Moments, and St. Paul can step into the shoes of Magic Moments, pursuant to the assignment/subrogation agreement.
We believe that there are genuine issues of fact as to whether Powell and/or LRA made representations, and issues of fact as to whether Magic Moments relied on, or was entitled to rely on, any such representations. We therefore find that the trial court erred in granting summary judgment in favor of Powell and LRA. Accordingly, we reverse the granting of the motion for summary judgment and we remand this matter for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] In its judgment, the trial court states:

Plaintiffs' cause of action is based upon detrimental reliance upon defendants, but they do not allege in their petition that either of the defendants confirmed coverage for the Mississippi store prior to Tanya Drennan's injury. To the contrary, the uncontradicted evidence submitted at the hearing reveals that there was no confirmation or affirmation by either defendant of coverage in Mississippi. When asked by the court whether there is any genuine issue of fact, counsel for the plaintiff replied that there was none. Additionally, there was no payment made on the premium before Drennan's injury, which would have indicated reliance. Thus, this court can find no genuine issue of fact, nor any evidence of any word or act by either defendant upon which Magic Moments Pizza can be said to have relied for its claim of detrimental reliance....