539 So.2d 843 (1989)
Leonie Bienvenu BOULET, Plaintiff-Appellee,
v.
Lawrence H. FOTI, Defendant-Appellant.
No. 87-956.
Court of Appeal of Louisiana, Third Circuit.
February 8, 1989.
Writ Denied April 7, 1989.
Olivier & Brinkhaus, John L. Olivier, Sunset, for defendant-appellant.
James Simon, Lafayette, for plaintiff-appellee.
Before DOMENGEAUX, STOKER and DOUCET, JJ.
DOUCET, Judge.
The above numbered and entitled appeal was consolidated with an appeal entitled Simon v. Foti, 539 So.2d 846 (La.App. 3rd Cir.1989). These two suits were consolidated for trial and involve the same factual situation. We resolve all issues presented in both appeals in this opinion but render a separate decree in the companion appeal.
These appeals involve two suits instituted by appellees in which they claimed damages for an alleged disturbance of their possession of their property by appellant, prayed that the court order appellant to file a petitory action, and prayed for a judgment of possession. Answers were duly filed and the two cases were consolidated for trial. Appellant then filed a reconventional demand against appellees praying for a judgment fixing the boundary lines of the respective properties and seeking damages. Appellant then filed an exception of no cause or right of action.
This matter was tried on January 20, 1987. The "Certificate of Examination of Record" attached to the record of this case by this court's Clerk indicates that the examination of the record in connection with *844 this matter reveals that nothing was entered on the minute book, no testimony was recorded, no transcript was made, and no reasons for judgment were entered.
On March 26, 1987, a judgment was entered by the trial court. This judgment does not deal with the original demands of the appellees or the exception filed by the appellant. It does establish the boundary lines between the properties of the parties, as well as grant certain easements. After this judgment was rendered, appellant retained new counsel and motioned for a new trial and this motion was denied.
Appellant now appeals from the judgment asserting that the trial court erred (1) in not hearing the evidence; (2) in deciding the case based upon a visual inspection of the properties and not on the facts and law of the case; (3) in not granting a new trial for the purpose of introducing testimony of witnesses and documentary evidence; and (4) in setting the boundary and easements set out in the judgment without utilizing the services of a surveyor. Further, appellant submits that the case should be remanded for the purpose of a full trial on the merits.
Appellees assert that the reason for the lack of any entry in the record, except for the judgment, is that no evidence was needed because appellees and appellant along with their respective attorneys were present at trial and voluntarily agreed to the establishment of a boundary between the properties by the court. Appellees further assert that since appellant voluntarily acquiesced in the judgment he is precluded from annulling the judgment by LSA-C. C.P. art. 2003, and that an appeal would be an attempt to annul the judgment, and thus such an appeal must fail. Additionally, appellees assert that this is a frivolous appeal entitling them to attorney's fees and costs because there is no legal basis by which appellant can argue that a decision was made simply by the trial judge viewing the properties in dispute.
All of appellant's assignments of error can be disposed of by a discussion of one issue: the lack of any testimony or evidence in the record of the proceedings of the trial court.
Appellant asserts that the trial court did not hear any testimony of witnesses or view any documentary evidence before rendering its judgment setting the boundary between the properties of the parties. However, a review of the record reveals that in the first sentence of the judgment rendered by the trial court, the court stated:
"Considering the pleadings, evidence, testimony of the parties and visual inspection of the premises in question and for reasons orally assigned:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein establishing the boundary line between the properties of the parties as follows: ..."
The trial court then went on to set the boundary between the properties.
Although the judgment alludes to a consideration of evidence and testimony by the trial court and to reasons orally assigned, as previously stated, none of these are found in the record lodged in this court.
Under the provisions of La.C.C.P. art. 2130, a party may require to cause testimony at trial to be taken down in writing, and this transcript shall serve as the statement of facts of the case. Under the provisions of La.C.C.P. art. 2131, if the testimony of the witnesses has not been taken down in writing, the appellant must request the other party to join with him in a written and signed narrative of the facts. And, in case of disagreement as to this narrative or refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts which shall be conclusive.
Thus, it is clear that the appellant in this case could have had a transcript of the testimony or a written narrative of facts made that would have become a part of the record lodged in this court.
We find this case to be substantially similar to Shannon's Refrigeration Service Contractors, Inc. v. General Oilfield Trucking, Inc., 277 So.2d 457 (La.App. 1st Cir.1973), which stated:

*845 "There is no transcript of testimony in the record for the court to review. Also there is no note of evidence stipulated to by the parties or submitted by the trial judge. Additionally there are no reasons for judgment from the trial court. Where there is no note of evidence in the record, it is presumed the trial judge proceeded on proper evidence and it is appellant's duty to produce the transcript or note of evidence necessary to show the contrary. (citations omitted)."
Since the appellant has not produced the testimony and evidence mentioned in the trial court's judgment, which are necessary for our review of the factual issues inherent in this appeal, we are bound to presume that the judgment of the trial court was correct and supported by sufficient competent evidence. Gardemal v. MCM Industries, Inc., 398 So.2d 144 (La. App. 3rd Cir.1981), writ denied 401 So.2d 994 (La.1981); Succession of Cameron, 446 So.2d 948 (La.App. 3rd Cir.1984). We therefore affirm the judgment of the trial court setting the boundary line between the properties of appellant and appellees.
Answering this appeal, appellees seek attorney fees and costs of defending this appeal as damages on the ground that this is a frivolous appeal. We agree with appellees' assertion that this is a frivolous appeal.
In discussing damages for frivolous appeal in Pickering v. City of Baton Rouge, 442 So.2d 522 (La.App. 1st Cir.1983), the court stated:
"Under LSA-C.C.P. art. 2164, appellate courts have the authority to award such damages. However, appeals are favored under the law and damages for frivolous appeal will not be granted unless they are clearly due. Maxwell v. State, Dept. of Transp., etc., 391 So.2d 1230 (La.App. 1st Cir.1980), writ denied, 394 So.2d 281. Damages will be allowed only when there are no serious legal questions, when the appeal is taken solely for the purpose of delay, or when it is evident that appellant's counsel does not seriously believe in the position he advocates. Salmon v. Hodges, 398 So.2d 548 (La.App. 1st Cir.1979); Jackson v. East Baton Rouge Par. Sch. Bd., 348 So.2d 739 (La.App. 1st Cir.1977)."
We find that there are no serious legal questions involved in this appeal. As stated previously, since the record contains no evidence, transcript of testimony, written narrative of facts, or reasons for judgment, it is presumed that the trial judge proceeded on proper evidence. It was appellant's duty to produce the transcript or note of evidence necessary to show the contrary. Appellant has failed in this duty, and his appeal, therefore, presents no serious legal questions. Thus, we find that this is a frivolous appeal for which damages may be awarded under LSA-C.C.P. art. 2164.
In discussing damages for frivolous appeal in Samford v. Samford, 297 So.2d 465 (La.App. 2nd Cir.1974), the court stated:
"We find the attorney's fee is an element of damages which may be awarded under C.C.P. 2164. Were we to conclude otherwise we would deprive a successful appellee of recovery of an element of damage to which he was subjected by the actions of the opposing party who has abused the judicial process in perfecting a groundless appeal. Since this particular type of damage does not occur until after rendition of the judgment by the lower court and the perfecting of the appeal, it cannot be claimed in the original suit. As a consequence, the usual rule of denying recovery for attorney's fees unless provided by contract or statute has no application. The appellate court, operating under the provisions of C.C.P. Art. 2164, should take into account every legitimate item of damages which plaintiff has suffered by reason of the unwarranted appeal...."
See, also, Coleman Oldsmobile, Inc. v. Cobb, 366 So.2d 994 (La.App. 1st Cir.1978).
We believe that $750.00 as attorney's fees in each case is adequate damages to be assessed against appellant as a result of his appeals. Coleman Oldsmobile, Inc. v. Cobb, supra.
Therefore, for the foregoing reasons the judgment of the trial court is amended and *846 the appellant is hereby condemned to pay appellee in the suit entitled Leonie Bienvenu Boulet v. Lawrence H. Foti the total sum of $750.00 in damages for prosecuting the appeal in that case, and to pay appellees in the suit entitled Mrs. Lucille Bienvenu Simon, et al, v. Lawrence H. Foti the total sum of $750.00 in damages for prosecuting the appeal in that case. In all other respects the judgment is affirmed. All costs of this appeal are to be borne by appellant.
AFFIRMED AS AMENDED.