662 So.2d 62 (1995)
Joshua Martin ZIVALICH
v.
INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA.
No. 95-CA-0169.
Court of Appeal of Louisiana, Fourth Circuit.
September 28, 1995.
Writ Denied January 5, 1996.
*63 David J. Krebs, Krystil B. Cook, Preaus, Roddy & Krebs, New Orleans, for Plaintiff/Appellant, Joshua Martin Zivalich.
William Lurye, Louis L. Robein, Jr., Robein, Urann & Lurye, Metairie, for Defendant/Appellee, International Brotherhood of Teamsters, et al.
Before PLOTKIN, WALTZER and MURRAY, JJ.
MURRAY, Judge.
Joshua Zivalich appeals the trial court's ruling in favor of the International Brotherhood of Teamsters (IBT), dismissing his claim against it for lack of personal jurisdiction. *64 Mr. Zivalich argues: (1) IBT has minimum contacts with Louisiana to support the exercise of specific jurisdiction over it by a Louisiana court; and (2) IBT has systematic and continuous contacts with Louisiana to support the exercise of general jurisdiction over it by a Louisiana court.
Mr. Zivalich was Assistant Business Agent for Teamsters' Local 769 in Florida. He alleges that he was contacted by Casey Sharpe, an agent with the Organizing Department of IBT in April 1993. He contends that Ms. Sharpe offered him a job as an IBT organizer. The job was to begin in June 1993 and would involve his working in Louisiana and Mississippi. He further alleges that he was told that the IBT wanted him to live as near as possible to the its Joint Council office in New Orleans. He accepted the IBT offer on May 4, 1993, tendered his resignation to the Local in Florida, and made arrangements to move to Louisiana. The job with IBT did not materialize, and Mr. Zivalich brought suit against IBT seeking to recover losses he contends he incurred as a result of that alleged breach.
The IBT excepted to Mr. Zivalich's petition alleging that its contacts with Louisiana were not sufficient for its courts to exercise personal jurisdiction over it. Written discovery was conducted on the issue of personal jurisdiction. An opposition to the exception was filed by Mr. Zivalich, and the matter was argued on November 18, 1994. Following the arguments, the trial court maintained IBT's exception, and dismissed the petition without prejudice.
The sole issue before us is whether the trial court erred when it found that Louisiana lacked personal jurisdiction of IBT. The analysis of personal jurisdiction involves the application of facts to established rules of law, making it a legal question subject to de novo review by courts of appeal. Babcock & Wilcox Co. v. Babcock Mexico, 597 So.2d 110, 112 (La.App. 4th Cir.), writ denied, 600 So.2d 679 (La.1992).
In order for a court to exercise personal jurisdiction over a defendant it must first determine whether the defendant has certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945).
In interpreting the due process clause of the Constitution the United States Supreme Court has recognized a distinction between two types of personal jurisdiction: "specific" and "general" jurisdiction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473, n. 15, 105 S.Ct. 2174, 2182, n. 15, 85 L.Ed.2d 528 (1985); Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). A state exercises specific jurisdiction over a defendant when it exercises jurisdiction for a cause of action arising out of or related to the defendant's contacts with the forum state. If, however, a state exercises jurisdiction over a defendant for a cause of action that neither arises from nor is related to the defendant's contacts with the forum state it is exercising general jurisdiction. Id. at n. 8, 9.
IBT concedes that Louisiana might assert jurisdiction over it with respect to a dispute between it and one of its locals (specific jurisdiction), but argues that its contacts with the state do not support jurisdiction over it for a cause of action unrelated to those contacts (general jurisdiction). We disagree.
The determination of whether the exercise of jurisdiction over a defendant by a state comports with the requirements of due process is made utilizing a two part minimum contacts/fairness analysis. This analysis, albeit with adjustment and modifications, is applied regardless of whether a particular case involves the exercise of "specific" or "general" jurisdiction. deReyes v. Marine Mgt. and Consulting, 586 So.2d 103, 109 (La.1991).
It is undisputed that:
(1) The IBT, an international organization with headquarters in Washington, D.C., maintains local unions, chartered by it, in Louisiana, and has a Joint Council in New Orleans;
(2) The IBT regularly collects funds and directs strike benefits for the local unions in Louisiana;

*65 (3) The IBT has a representative who is assigned to Louisiana;
(4) The IBT is the certified bargaining agent for IBT members who work and live in Louisiana;
(5) The IBT sent an employee or employees to Louisiana to conduct IBT business April 1993 through the date this suit was filed;
(6) The job allegedly offered to Mr. Zivalich was to be performed, at least in part, in Louisiana;
The IBT contacts with Louisiana are systematic and continuous. IBT has availed itself of the privilege of doing business in Louisiana, and reasonably could have anticipated being haled into court here in light of those contacts.[1]
Mr. Zivalich has demonstrated that the IBT purposefully established minimum contacts with Louisiana, giving rise to a presumption that the exercise of personal jurisdiction over the IBT is reasonable. The burden of production of evidence and persuasion then shifted to the IBT to prove that the exercise of jurisdiction over it is so unreasonable as to overcome the weight of that presumption. deReyes, 586 So.2d at 111. IBT offered no evidence in support of its contention that defending this action in Louisiana places an unreasonable burden on it so as to constitute a denial of due process.
We find that the IBT has failed to maintain its burden under deReyes. The judgment of the trial court maintaining the IBT exception of lack of personal jurisdiction and dismissing plaintiff's claim is reversed, and the case is remanded to the trial court.
REVERSED AND REMANDED.
NOTES
[1] IBT suggests that general jurisdiction does not exist because Florida is a more convenient forum, the plaintiff resides in Florida and resided there during the contract negotiations, and because the contract, if it was confected, was entered into in Florida. These facts have no bearing on the question before us: does the IBT have sufficient minimum contacts with Louisiana so that the exercise of personal jurisdiction by a Louisiana court over it comports with traditional notions of fair play and substantial justice.