695 So.2d 1080 (1997)
Alphonse A. CUTITTO, C.P.A.
v.
David E. BOYES.
No. 97-CA-63.
Court of Appeal of Louisiana, Fifth Circuit.
May 28, 1997.
*1081 Louis E. "Lee" Madere, Jr., New Orleans, for Plaintiff/Appellant.
John G. Alsobrook, Metairie, for Defendant/Appellee.
Before WICKER, GOTHARD and DALEY, JJ.
WICKER, Judge.
Alphonse A. Cutitto appeals a judgment granting defendant David E. Boyes' exception of lack of personal jurisdiction. We reverse and remand.
Cutitto filed suit in the First City Court for the Parish of Orleans to recover fees for auditing and accounting services he rendered to Wegman Construction Projects, Inc. Cutitto alleged that Boyes' wife was a part owner of Wegman Construction, that Boyes asked Cutitto to perform an audit of the company, and that Boyes promised to pay his fees if the company failed to do so. Plaintiff alleged that the company paid him $500, but refused to make further payment. Boyes subsequently paid him an additional $1,000, but has failed and refused to respond to his demands for further payment. Cutitto sought recovery of $18,664.00 plus interest, attorney's fees and costs.
Plaintiff alleged that Boyes was a former resident of Orleans Parish but was a resident of Georgia at the time the suit was filed. He requested long-arm service on Boyes. Boyes filed exceptions of lack of personal jurisdiction, no right of action and improper venue. The Orleans Parish court granted the exception of improper venue and transferred the case to Jefferson Parish.
Thereafter the defendant re-urged the exceptions of lack of personal jurisdiction and no right of action. Boyes asserted that he was a resident of Alabama at the time of his wife's litigation against the Wegman company, for which Cutitto's audit was performed. He stated he was president of an Alabama corporation that has an office in St. Bernard Parish, but that he has never been a resident of Louisiana. At the time of his dealings with Cutitto he occasionally stayed at a New Orleans apartment owned by his corporation. He now is a resident of Georgia. He argued that the Louisiana court lacks jurisdiction over him because he does not have minimum contacts with this state and because he does not fall within the purview of La.R.S. 13:3201, the Long Arm Statute.
*1082 At the hearing of the exceptions plaintiff testified he is a CPA and has known defendant for many years, from when they both worked for the Sealand company. Cutitto said Boyes was a Louisiana resident at that time. Their initial contact regarding the Wegman audit was at Ernst Cafe, where Cutitto ran into Boyes on several occasions. Boyes told him, "You've got to help me with something. I've got a problem." When Boyes contacted Cutitto about auditing Wegman, Boyes was residing at 700 South Peters Street in New Orleans. Cutitto met Boyes there several times.
Cutitto identified a September 30, 1991 letter from Boyes to him (filed in the record as Exhibit P-1). The letter was on stationery of Sea-Mar Incorporated, which listed addresses in Chalmette, Louisiana, and Pensacola, Florida, with a "Corporate Offices" address in Mobile, Alabama. In that letter Boyes explains to Cutitto his wife's relationship to the Wegman company, the tax information which the Wegman company refused to provide to his wife, and the items to be covered by Cutitto's audit of Wegman. Boyes advised Cutitto of a pending hearing date, stating, "This is our one try and it is essential that we are totally prepared." In conclusion, Boyes stated, "I hope that the above information will assist you in preparing your testimony for us," and that he would arrange a meeting with Cutitto and their attorney prior to the court hearing.
Cutitto also stated he knew that Boyes' telephone calls to him came either from his Peters Street apartment in New Orleans or from his corporate offices in St. Bernard Parish, because the numbers at which Cutitto returned the calls were for those locations. Cutitto stated that when he visited Boyes at the South Peters Street apartment, there was no sign that it was a corporate apartment; it was just the belongings of Boyes and his wife.
Cutitto testified further that Boyes paid him $1,000.00 by a check dated April 5, 1993, which showed Boyes' address in Mobile, Alabama. At that time, Cutitto stated, he had not yet submitted an invoice to Boyes because Boyes had told him, "[I]f the corporation doesn't pay you I'll pay you." Cutitto said at that point he was still trying to collect from the corporation. Shortly after that, Boyes told him that he would pay him $5,000 a month if Cutitto couldn't get his fee from "the other guy."
According to Cutitto, during the period from August 1991 through September 1992, as far as he knew Boyes was living at the South Peters Street apartment, because he always met with Boyes there or at his own office. Cutitto always felt it was Boyes directing the course of the audit. In September 1992 Boyes telephoned Cutitto stating that he would be moving to Georgia and that Cutitto should send the audit report to Boyes in Georgia. Later, after Cutitto had written to Boyes about payment of his bill, Boyes telephoned him and told him to go against the corporation for payment.
On cross-examination, after viewing a copy of the South Peters Street apartment lease offered in evidence by defendant, Cutitto acknowledged that Sea-Mar, Inc. was the named lessee of the apartment.
Defendant presented no testimony to rebut plaintiff's evidence.
The trial court granted the exception of lack of personal jurisdiction, but denied the exception of no right of action. Cutitto appealed and Boyes answered the appeal.

LACK OF PERSONAL JURISDICTION
La.R.S. 13:3201 allows Louisiana courts to exercise personal jurisdiction over nonresidents. The statute provides in pertinent part:
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.
(2) Contracting to supply services or things in this state.
(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
(4) Causing injury or damage in this state by an offense or quasi offense committed *1083 through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
(5) Having an interest in, using or possessing a real right on immovable property in this state.
* * * * * *
B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.
For purposes of La.R.S. 13:3201, "`nonresident' includes an individual, his executor, administrator, or other legal representative, who at the time of the filing of the suit is not domiciled or residing in this state." La.R.S. 13:3206.
Due process requires that in order to subject a nonresident defendant to a personal judgment, the defendant must have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).
"A state exercises specific jurisdiction over a defendant when it exercises jurisdiction for a cause of action arising out of or related to the defendant's contacts with the forum state." Zivalich v. Internat'l Brotherhood of Teamsters, 95-169 (La.App. 4 Cir. 9/28/95); 662 So.2d 62, 64. Otherwise, a state exercising jurisdiction over a defendant for a cause of action that neither arises from nor is related to the defendant's contacts with the forum state is exercising general jurisdiction. Id. General jurisdiction requires more than the minimum contacts sufficient to sustain specific jurisdiction.
Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, the requirement of meaningful contacts is satisfied if the defendant has purposefully directed his activities at residents of the forum ... and the litigation results from alleged injuries that arise out of or relate to those activities. * * * By requiring that a defendant must have purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws, the requirement ensures that he will not be haled into a jurisdiction solely as a result of a random, fortuitous or attenuated contact, or by the unilateral activity of another party or a third person. * * * Thus, where the defendant deliberately engaged in significant activities within a state, or has created continuing obligations between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by the benefits and protections of the forum's laws it is presumptively not unreasonable to require the defendant to submit to the burdens of litigation in that forum as well. * * * [Citations omitted.]
de Reyes v. Marine Management and Consulting, Ltd., 586 So.2d 103, 106 (La.1991).
In this case, plaintiff's cause of action arises out of defendant's contacts with Louisiana. Taking the allegations as true for purposes of the exception, while Boyes was in Louisiana he reached an agreement with Cutitto regarding Cutitto's furnishing of accounting services. From the evidence in the record, their subsequent contacts concerned those services and were made while Boyes was present in the state. Boyes purposefully directed his activities at Cutitto, a resident of the forum, and this litigation results from injuries that arise out of or relate to those activities. Boyes created continuing obligations between himself and Cutitto, a resident of the forum.
We find the defendant had sufficient minimum contacts required for specific jurisdiction to attach. de Reyes v. Marine Management and Consulting, Ltd., supra.
[T]he burden of showing minimum contacts lies with the party claiming jurisdiction to be proper. Once this burden is met, a presumption of reasonableness of jurisdiction arises. The burden then shifts to the *1084 opposing party to prove the assertion of jurisdiction would be so unreasonable in light of traditional notions of fair play and substantial justice as to overcome the presumption of reasonableness created by the defendant's minimum contacts with the forum.
Id. at 107.
Defendant made no showing that "assertion of jurisdiction would be so unreasonable in light of traditional notions of fair play and substantial justice as to overcome the presumption of reasonableness created by the defendant's minimum contacts with the forum." Id. Accordingly, the trial court erred in maintaining the exception of lack of personal jurisdiction.

RIGHT OF ACTION
In considering defendant's exception of no right of action, the trial judge stated that defendant erred in designating the exception as "no right of action." The judge construed the exception as an exception of no cause of action.
In his answer to the appeal Boyes asks us to reverse the trial court's conversion of and denial of his exception of no right of action. First, as to the form of the exception, defendant argues that the trial court's sua sponte conversion of the exception from one basis to another severely prejudiced him by preventing him from offering evidence, since the exception of no cause must be tried on the face of the petition. The record shows, however, that defendant neither objected to the trial court's "conversion" of the exception, nor did he attempt to make any proffer of evidence for purposes of appeal.
As to the merits, he contends plaintiff has no right of action against him because the evidence shows he did not hire or engaged plaintiff to perform the independent audit of Wegman, that he did not promise to pay plaintiff's fees. Further, plaintiff already has obtained judgment for his fees against Wegmann Construction Projects, Inc., but he has never sought to enforce that judgment against the corporation. Finally, plaintiff admitted he did not perform any personal work for defendant.
The purpose of the exception of no right of action is to determine whether a plaintiff has a real and actual interest in an action or belongs to a particular class to which the law grants a remedy for a particular harm alleged. Wallace v. Nathan, 96-119 (La.App. 5 Cir. 7/30/96); 678 So.2d 595, 597. The exception of no right of action is directed to showing that a plaintiff has no legal right or interest in enforcing the matter asserted, based upon the facts and evidence submitted. La.Civ.Code Art. 927; Dufour v. Westlawn Cemeteries, Inc., 94-81 (La.App. 5 Cir. 6/28/94); 639 So.2d 843, 848. This exception of no right of action does not raise the questions of whether the proper plaintiff can prevail on the merits or whether the defendant has a valid defense. Eubanks v. Hoffman, 96-0629 (La.App. 4 Cir. 12/11/96); 685 So.2d 597, 599.
Defendant's arguments are directed to the merits of plaintiff's claims against him, rather than to the question of plaintiff's right to pursue him for this cause of action. He presented no evidence in support of his contentions. He has attached documents to his brief that we cannot consider because they were not introduced in the court below. We are precluded from reviewing the attachments because they are not included in the appellate record. See La.Code Civ.P. Art. 2164; Wallace v. Nathan, supra.
We find no merit to his assertions. On the face of the record and on the evidence presented by plaintiff, plaintiff has the right to pursue defendant for payment of his fees. Whether plaintiff will succeed in proving the alleged agreement by Boyes "to pay the debt of another" is not before us on this appeal and must await consideration of the merits.
For the foregoing reasons, the judgment is reversed insofar as it maintained the exception of lack of personal jurisdiction. The judgment is affirmed in all other respects. The case is remanded for further proceedings.
REVERSED IN PART, AFFIRMED IN PART AND REMANDED.