772 So.2d 865 (2000)
Stephanie CARR
v.
WAL-MART STORES, INC. and ABC Insurance Company.
No. 00-CA-896.
Court of Appeal of Louisiana, Fifth Circuit.
October 31, 2000.
Mark M. Gonzalez, Scheuermann & Jones, New Orleans, Louisiana, Attorney for Plaintiff/Appellant.
Isidro Rene Derojas, Catherine M. Williams, Geoffrey Orr, Campbell, McCranie, Sistrunk, Anzelmo & Hardy, Metairie, Louisiana, Attorneys for Defendant/Appellee.
Panel composed of Judges SOL GOTHARD, SUSAN M. CHEHARDY, JJ., H. CHARLES GAUDIN, J. Pro Tem.
GOTHARD, Judge.
This is an appeal from a grant of a motion for summary judgment in favor of defendant, Wal-Mart Stores, Inc. (Wal-Mart), which dismissed plaintiff's case. For reasons that follow we affirm.
Plaintiff, Stephanie Carr, filed this action on April 20, 1998 against Wal-Mart for recovery of damages sustained when she slipped and fell on a directional traffic arrow painted on the parking lot surface. The petition alleges that Ms. Carr and her husband were leaving the store after shopping when the accident occurred. The petition makes allegations of both negligence *866 and strict liability, and alleges that plaintiff tripped on a foreign substance, and that the arrow was constructed of a dangerous material. Wal-Mart answered the suit and discovery was conducted.
On June 7, 1999, Wal-Mart filed a motion for summary judgment, in which it argued that the store had no constructive notice of any condition which contributed to the fall. Attached to the motion is the deposition of plaintiff. In the deposition plaintiff stated that she and her husband went to Wal-Mart to buy a television set. When they arrived at the store shortly after noon, it was raining and the parking lot was wet. She stated that she shopped at that store regularly and was familiar with the parking lot. Ms. Carr testified that when they left the store her husband was pushing a shopping cart containing the television set, and she walked alongside him. As she walked, she was looking at the ground. She saw one arrow as she approached, but her path took her on the side of it and she did not step on it. She approached a second arrow, which was in her direct path. As she neared the arrow, she noticed that it "was wet, and it didn't look right". When she stepped on it she slipped and fell, injuring her right knee. She looked at the arrow after the fall and saw that it had water and oil on it. Plaintiff further testified that she had no idea how the oil got on the arrow or how long it had been there. Plaintiff reported the incident to the manager of the store, who prepared a written report on the incident.
A summary judgment is appropriate when there remains no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. Summary judgments are now favored in the law and the rules should be liberally applied. Susananbadi v. Johnson, 97-91 (La.App. 5 Cir. 9/17/97), 700 So.2d 886. The summary judgment procedure shall be construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions. LSA-C.C.P. art. 966; Perricone v. East Jefferson General Hospital, 98-343 (La.App. 5 Cir. 10/14/98), 721 So.2d 48.
The mover bears the burden of proof. LSA-C.C.P. article 966C(2) further provides that the mover need only to "point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim.....". Once the mover has made a prima facie showing that the motion shall be granted, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain. Perricone v. East Jefferson General Hosp., supra. Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180; McVay v. Delchamps, Inc., 97-860 (La.App. 5 Cir. 1/14/98), 707 So.2d 90.
At the hearing on the motion for summary judgment, defendant argued that this is an action in negligence; thus, the requisite showing of knowledge of the dangerous condition was not proven pursuant to LSA-R.S. 9-2800.6. Counsel for plaintiff countered that this injury was a result of a defect in, and not a hazardous condition on, the defendant's premises, thus imposing strict liability on defendant.
After hearing the arguments and reviewing the deposition, the trial court ruled that LSA-R.S. 9.2800.6 was controlling, and that plaintiff failed to allege any prior notice as required by the statute. Accordingly, she granted summary judgment in favor of defendant.
In brief to this court, plaintiff assigns two errors. In the first she argues that the trial court erred in not granting the plaintiff a continuance to have an expert report put into proper form. In the second, plaintiff argues that issues of material fact exist which preclude the granting of the motion for summary judgment. We address the assignments in reverse order.
*867 LSA-R.S. 9:2800.6 provides in pertinent part as follows:
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
As part of the 1996 Tort revision, the law of strict liability was amended to add the requirement of knowledge on the part of the owner or custodian of a thing. The new law is embodied in LSA-C.C. Art. 2322 and 2317.1. The latter article provides as follows:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
In Greenhouse v. C.F. Kenner Associates Ltd. Partnership, 98-0496 (La.App. 4 Cir. 11/10/98), 723 So.2d 1004, the Fourth Circuit has discussed the elements necessary to prove strict liability under the new law, which is applicable in this case[1]. In Greenhouse, supra, 723 So.2d at 1007, the court stated:
......These changes now require plaintiffs who allege negligence under strict liability to prove the following elements: (1) that the defendant knew or should have known of the vice or defect; (2) that the damage could have been prevented by the exercise of reasonable care; and (3) that defendant failed to exercise such reasonable care. Jackson v. Beasley, 30,359 (La.App. 2 Cir. 4/8/98), 712 So.2d 162, 166. The addition of knowledge as an element has effectively eliminated strict liability in most circumstances. See Frank L. Maraist and Thomas C. Galligan, Jr., Louisiana Tort Law § 14-1 (1996).
Thus, the element of prior knowledge by the defendant is a requirement of either an action in negligence or in strict liability.
In the case at bar, the facts of the incident were undisputed. Plaintiff slipped on a wet, oily substance on the arrow. However, the plaintiff made no showing of prior knowledge by the defendant of the condition or defect which would give rise to liability under either negligence or strict liability. Thus, defendant showed that there was an absence of factual support for an essential element of the claim.
At that point the burden shifted to plaintiff. Plaintiff did not address the issue of prior knowledge at the hearing. Her argument was that the arrow presented an unreasonable risk of harm. Specifically, counsel for plaintiff stated that the "case does not turn upon whether or not Wal-Mart knew about any water on the sign or oil on the sign". He argued that the painting of the arrow on the parking lot surface presented an unreasonable risk of harm to pedestrians because of its slippery surface. *868 Accordingly, we find plaintiff failed in her burden to show any factual support for the required element of knowledge.
In the second assignment of error, plaintiff argued that the trial court should have granted a continuance to allow her to put an expert report in proper form. At the hearing, plaintiff attempted to introduce a letter from a safety expert which relates to the issue of whether the arrow presented an unreasonable risk of harm. Because the letter was not in the form of a sworn affidavit, the defendant objected to its admission, and the court sustained defendant's objection. For reasons discussed infra, we pretermit discussion on the merits of this argument. The letter merely maintains that the arrow created an unreasonable risk of harm. The letter does not offer any suggestion that defendant had prior knowledge of the defect. Therefore, even if the information would have been accepted into evidence it would not have defeated the motion for summary judgment.
The judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] The amendment was effective April 16, 1996 and plaintiff's accident was May 24, 1997.