33 So.3d 999 (2010)
Jennie M. ALEXANDER
v.
PARISH OF ST. JOHN THE BAPTIST, Pontchartrain Levee District, Cory M. Bunch, Allstate Insurance Company, Progressive Insurance Company and State Farm Mutual Automobile Insurance Company.
No. 09-CA-840.
Court of Appeal of Louisiana, Fifth Circuit.
March 23, 2010.
Opinion Denying Rehearing May 10, 2010.
*1000 Clarence F. Favret, III, Favret, Demarest, Russo & Lutkewitte, New Orleans, LA, for Plaintiff/Appellant, Jennie M. Alexander.
Richard L. Edrington, LaPlace, LA, for Defendant/Appellee, Parish of St. John The Baptist.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and FREDERICKA HOMBERG WICKER.
SUSAN M. CHEHARDY, Judge.
This is a personal injury lawsuit in which the plaintiff seeks review of a summary judgment that dismissed one of the defendants. We affirm.

FACTS
On October 17, 2004, Jennie Alexander was a passenger on an ATV (all-terrain vehicle) being operated by her fiance, Cory Bunch.[1] They were traveling on the Mississippi River levee in LaPlace in St. John the Baptist Parish. Bunch drove the ATV *1001 up the batture side of the levee at an angle and crested the top. As the ATV began descending the other side at 35 to 45 miles per hour, it struck an above-ground pipeline. Alexander was thrown to the ground and sustained a fractured mandible, broken cheekbone, fractured teeth, and a fractured foot.
Alexander sued Bunch; the Parish of St. John the Baptist ("the Parish"), as owner of the pipeline; the Pontchartrain Levee District ("the Levee District"), as owner/custodian of the levee surface over which the pipeline ran; and various insurers.[2]
The Parish filed a motion for summary judgment. The Parish asserted that Alexander's injuries were caused by the negligence of the driver, Bunch, as well as of Alexander, because both were aware that four-wheelers were not permitted on the levee, they were traveling at an excessive speed, and prior to the accident they consumed alcohol and drugs. The Parish asserted it was not liable because it did not owe a duty to Alexander to protect her from the injuries she sustained and, even if such duty existed, the alleged breach of such duty was not the cause-in-fact of Alexander's injuries.
In opposition to the motion, Alexander asserted there are numerous genuine issues of material fact that prevent summary judgment. She contended that the pipeline and levee configuration together create a hazardous condition that creates an unreasonable risk of harm, because the pipeline is located in a concave portion of the levee and is effectively hidden from view of anyone traveling on the crown or approaching from the batture side of the levee. Alexander asserted the presence of the pipeline in the concave portion of the levee creates a very hazardous condition, and that any alleged fault on her part was comparative negligence and does not affect causation.
In an affidavit in opposition to summary judgment, Alexander stated she was aware there was a prohibition against riding on the levee, but she also was aware that the prohibition is never enforced. She stated she observes motorized vehicles being ridden on the levee at all times and had never observed anyone being stopped by any enforcement personnel with respect to riding on the levee.
The district court granted summary judgment that included written reasons for judgment, as follows in pertinent part:[3]
The pipeline at issue is of great utility because it is essential to the operation of the wastewater treatment plant in the Parish and is of great interest to the Parish and Parish residents. This utility clearly outweighs the potential risk to individuals who may be recklessly and illegally riding four-wheelers.
* * *
The pipe was clearly visible from 45 feet away.... This means that the pipe was readily apparent and observable to anyone on the levee and anyone exercising reasonable care would not have been harmed.

*1002 * * *
The Parish did not owe a duty to this plaintiff.... The conduct engaged in by plaintiff is one [to] which the Parish's duty does not extend because she was not acting reasonably under the circumstances.... [I]t is evident that the pipeline had not been abandoned or neglected in any way. Finally, the likelihood of someone being under the influence of drugs and alcohol and driving a four-wheeler in such an imprudent manner in clear violation of the laws, is far less than the social, economic and moral factors considered in Oster. Hence, plaintiff does not meet the duty prong of the duty/risk test. And because plaintiff does not prove the existence of a duty, there can be no negligence.
* * *
Assuming that the Parish owed a duty to plaintiff, the Parish's alleged negligence did not cause the plaintiffs injuries....
Both Mr. Bunch and plaintiff testified that they were aware of the prohibition against riding a four-wheeler on the levee and that they were aware of the posted signs warning of said prohibition.... Despite this knowledge, they rode a four-wheeler on the levee, after having consumed alcohol and drugs. While driving on the bank of the levee, which is not a public road, Bunch was not entitled to presume that the road ahead of him was safe for travel, and he was charged with the duty of guarding against obstructions.... It would be safe to say that the "but for" cause of the injury was Mr. Bunch's actions. Although there are concurrent causes of the accident, Mr. Bunch's actions were the substantial factor in causing the accident. He was the driver, speeding and trespassing. Mr. Bunch even states in his deposition that he believed he was responsible for the accident.... Ms. Alexander also agreed that Mr. Bunch was driving too fast to brake in time to avoid the accident, and failed to see what he should have seen....
* * *
Plaintiff relies on the "configuration of the levee/pipeline" to argue her case. However, the Parish does not own the levee, only the pipeline. The levee system is part of a federal system of levees. The U.S. Army Corps of Engineers and the DOTD's engineering experts determine what should be placed, how it should be built, and where it should be built. The Levee District issues a letter of "no objection" once the plans have been submitted to the Corps of Engineers and DODT [sic], giving the "go ahead" for the necessary project. The Parish does not decide how a levee and a pipeline should be configured together, although once built, the Parish does maintain the pipe.
* * *
[I]n the instant matter, when the magnitude and probability of injury are weighed against the burden of preventing the injury, the burden far outweighs the probability of incidents such as this one, and thus, there is no unreasonable risk. Although it is undisputed that the Parish owned the pipeline, it is understood that the Parish had no power or obligation, to affect the design, placement, or position of the pipeline. And finally, the pipeline was placed solely with the approval of both the Corps of Engineers and the Levee District.
* * *
Plaintiff has failed to establish a duty owed to her by the Parish; hence she *1003 cannot meet the evidentiary burden to prove the elements required to recover on a negligence claim, and she has failed to produce factual support sufficient to establish that she will be able to satisfy the evidentiary burden of proof at trial. Defendant has met its burden by pointing out a lack of factual support for these essential elements of the plaintiffs case.... The court after considering the pleadings, depositions, the record, the affidavits, and the applicable law, finds there is no genuine issue of material fact.

ISSUES ON APPEAL
On appeal, Alexander asserts (1) the trial court erred in granting summary judgment by holding that plaintiff failed to establish a duty under Louisiana's duty-risk analysis on the part of the Parish with respect to the pipeline, and (2) the court erred in finding that there were no genuine issues of material fact.
Alexander states the accident occurred because the pipeline is hidden from view by virtue of a concave condition and configuration of the levee where the pipeline was constructed by the Parish:
For some reason, the pipeline was positioned and constructed in a hidden, hollowed-out portion of the levee which creates a blind sightline and which effectively hides the pipeline from anyone approaching from the crown or either side of the levee. If the pipeline was not located in this area of the levee, the area and levee, in and of itself, would not be a hazard. If the pipeline had been constructed on a typical portion of the levee, it would have presented much less of a hazard as it would have been visible.
First, Alexander contends that as owner of the pipeline, the Parish had a duty to protect citizens of the Parish and others from hazardous conditions. Alexander argues that by constructing the pipeline in a concave portion of the levee, the Parish created a hazardous condition, failed to properly investigate and analyze the existence of the hazardous condition, failed to inspect on a regular basis to observe the hazardous condition, and failed to warn, barricade, or sign so that persons approaching the area on the crown or batture side of the levee would have sufficient advance notice of the pipeline's presence just above the ground.
In support of this argument, Alexander cites the affidavits and reports of two professional engineers, Dr. Brian Wolshon, Ph.D., and Ralph Adams. According to Alexander's brief, both Wolshon and Adams opined that the pipe location is dangerous because of poor visibility to persons on vehicles and that there should be markers or barricades placed to warn of the pipeline. Alexander asserts that the Parish failed to submit countervailing expert reports or affidavits to controvert the engineers' opinions.

LAW AND ANALYSIS
A summary judgment is appropriate when there remains no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Summary judgments are now favored in the law and the rules should be liberally applied. Carr v. Wal-Mart Stores, Inc., 00-896, p. 3 (La.App. 5 Cir. 10/31/2000), 772 So.2d 865, 866, writ denied, 00-3247 (La.1/26/01), 782 So.2d 636. The summary judgment procedure shall be construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions. La. C.C.P. art. 966(A)(2); Perricone v. East Jefferson General Hospital, 98-343, p. 6 (La.App. 5 Cir. 10/14/98), 721 So.2d 48, 51.
*1004 Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750.
The mover bears the burden of proof; however, the mover need only to "point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim...." La. C.C.P. article 966 C(2). Once the mover has made a prima facie showing that the motion shall be granted, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain. Misuraca v. City of Kenner, 01-707, pp. 4-5 (La.App. 5 Cir. 11/14/01), 802 So.2d 784, 787.
A fact is "material" when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Smith, 93-2512 at 27, 639 So.2d at 751. Facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute. Id.
In reviewing the record in this matter, we find we are unable to address the merits of the trial court's ruling. The record on appeal was designated by the appellant, Alexander, but it is missing materials that are crucial to the determination of the summary judgment. Specifically, although the record contains all the pleadings filed by the parties that are relevant to the motion for summary judgment, it contains few of the exhibits and documents filed in support of and in opposition to the motion.
In her appellate brief Alexander asserts there are "significant and substantial material issues of fact" that preclude summary judgment. She cites a list of "disputed, controverted issues of fact," citing various documents that were filed in the district court, but were not part of the designated record on appeal. Specifically, Alexander relies on the following documents: (1) affidavit of Dr. Brian Wolshon; (2) affidavit of Ralph Adams; (3) Plaintiffs Exhibits 11 through 23, photographs of the scene; (4) deposition of Jennie Alexander, plaintiff; (5) deposition of Monica Salins, Executive Director of the Pontchartrain Levee District; (6) deposition of Paul Oncale, Public Safety Director of the Parish; (7) deposition of Cory Bunch. None of these documents, however, are in the record on appeal.
Appellant Alexander's designation of the record does not include the testimony and evidence on which her opposition to the motion for summary judgment relies, which is evidence that the trial court considered in making its ruling. A court of appeal cannot review attachments that are not included in appellate record. Cutitto v. Boyes, 97-63, p. 7 (La.App. 5 Cir. 5/28/97), 695 So.2d 1080, 1084.
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. La. C.C.P. art. 2164.
A Court of Appeal is a court of record, which must limit its review to evidence in the record before it. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. A written motion for summary judgment is a "pleading" under La. C.C.P. art. 852, and written documents may be attached to pleadings and made part thereof. [Citations omitted.]
Hover v. Farber, 05-613, pp. 3-4 (La.App. 5 Cir. 1/31/06), 922 So.2d 637, 638.
*1005 This testimony and evidence are necessary for our review of the factual issues inherent in this appeal. Without them we are bound to presume that the judgment of the trial court was correct and was supported by sufficient competent evidence. See Boulet v. Foti, 539 So.2d 843, 845 (La.App. 3 Cir.1989), writ denied, 541 So.2d 841 (La.1989).
The inadequacy of an appellate record for which an appellant is responsible cannot operate to the detriment of an appellee. Willis v. Letulle, 597 So.2d 456, 475 (La.App. 1 Cir.1992). When the record does not contain an adequate transcript, narrative of facts or other satisfactory evidence, an appellate court can apply the presumption that the trial court's judgment is correct and affirm. Id.
Therefore, a de novo review of the summary judgment is not possible, because the documents and evidence that were submitted in support of and in opposition to the Motion for Summary Judgment, and which were apparently relied on by the trial court, are not contained in the appellate record, and the fault is attributable to the appellant, who designated the record. Accordingly, the judgment must be upheld.

DECREE
For the foregoing reasons, the judgment is affirmed. Costs of this appeal are assessed against the appellant, Jennie M. Alexander.
AFFIRMED.
EDWARDS, J., concurs with reasons.
EDWARDS, J., concurs with reasons.
I agree with the majority opinion that this designated record is insufficient to disturb the judgment of the trial court. As the majority opinion correctly holds, this Court cannot conduct the required de novo review of the facts presented to the trial court in order to make a determination on the merits of the summary judgment grant. Considering the record before us and the final decision of this Court, in my view, a discussion of disputed factual issues is unnecessary.

ON APPLICATION FOR REHEARING
On March 23, 2010, we affirmed the decision of the trial court on the basis that the designated record was insufficient to disturb the judgment of the trial court. We pointed out that the appellant had designated the record on appeal, but the record was missing crucial documents and exhibits that were required for us to analyze the merits of the appeal. Alexander v. Parish of St. John the Baptist, 09-840, p. 9 (La.App. 5 Cir. 3/23/10), 33 So.3d 999, 1005. Accordingly, based on the record as lodged, we affirmed the judgment. Id.
The appellant has filed an application for rehearing, asking this Court to allow the filing of the materials referenced in this Court's judgment. Attached to the rehearing application are copies of the exhibits that were missing from the record on appeal.
First, we note that an appellate court cannot review attachments that are not included in appellate record. Cutitto v. Boyes, 97-63, p. 7 (La.App. 5 Cir. 5/28/97), 695 So.2d 1080, 1084. La.C.C.P. art. 2164 states, "The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." (Emphasis added.) Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence. Denoux v. Vessel Management Services, Inc., 2007-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88. Hence, we cannot consider documents that are attached to briefs, but that are not contained *1006 in the appellate record. River Parishes Financial Services, L.L.C. v. Goines, 07-641, p. 6 (La.App. 5 Cir. 2/6/08), 979 So.2d 518, 521.
The appellant states that two of the documents specifically mentioned in the opinion as missing from the record were listed in her designation of the record, although they were not included in the documents in the record as lodged in this Court. The appellant asserts that the other materials the opinion stated are missing were part of a consolidated exhibit binder submitted by the appellant with her memoranda filed in opposition to both defendants' motions for summary judgment. The appellant states the exhibit binder was filed as one exhibit to be referenced in both memoranda "to avoid unnecessary, voluminous documentation being submitted to the trial court in an attempt to facilitate efficiency." The appellant states, "Counsel for plaintiff/appellant erroneously believed ... that designation of the Parish's motion for summary judgment and memorandum, and plaintiff/appellant's opposition memorandum, would include all attachments including the above referenced materials."
The appellant cites La.C.C.P. art. 2161, which prohibits dismissal of an appeal because the trial record is missing, incomplete, or in error, no matter who is responsible, or because of any other irregularity, error or defect "unless it is imputable to the appellant." The appellant also cites La. R.S. 13:4433, which directs that no appellate court shall grant a motion to dismiss an appeal for irregularities in the record without fist giving the appellant an opportunity to cure the deficiencies.
Here, however, Art. 2161 and R.S. 13:4433 do not apply. There was no motion to dismiss the appeal, and our opinion did not dismiss the appeal. Rather, we affirmed the decision of the trial court based on the record as lodged. Further, as far as documents that were specifically designated, yet not included in the record lodged, it is the responsibility of the appellant to check the appellate record to be sure it is complete.
Considering the above, we find no reason to grant rehearing. Rehearing is denied.
NOTES
[1] The vehicle is also called a four-wheeler or an off-road vehicle ("ORV"). All three terms are used variously in the record.
[2] Two of the insurers have been dismissed from the suit. Progressive Security Insurance Company was granted a summary judgment on a coverage exclusion. Allstate Insurance Company settled with the plaintiff and was dismissed.
[3] The Levee District also filed a motion for summary judgment, which was denied. The Levee District sought supervisory review, but writs were denied by both this Court and the supreme court. Alexander v. Pontchartrain Levee District, 09-458 (La.App. 5 Cir. 9/1/2009), ___ So.3d ___ writ denied, 2009-2134 (La. 12/11/2009), 23 So.3d 920.