ROBERTA. CHAISSON, Judge.
| c,This is an appeal by Melanie Fowler, plaintiff-appellant, from a summary judgment dismissing her suit against Harris Builders, LLC, The Shaw Group Inc., and Gibbs Construction, LLC, defendants-ap-pellees. For the following reasons we affirm the judgment.

FACTS AND PROCEDURAL HISTORY

In the aftermath of Hurricane Katrina, the Federal Emergency Management Agency (“FEMA”) began a program to place people who had lost their homes during the hurricane into temporary housing in and around the New Orleans metropolitan area. To accomplish this, FEMA contracted with Shaw Environmental, Inc. (“Shaw”) to install travel trailers at various locations. Shaw subcontracted with Harris Builders, LLC (“Harris”) to perform some of this work, and Harris in turn subcontracted with Gibbs Construction, LLC (“Gibbs”) to help with the installations.
|4PIaintiffs sister, Melissa Fowler, requested that a FEMA trailer be placed at her mother’s home at 2624 Bengal Road, Metairie, Louisiana. The travel trailer sent by FEMA was manufactured by Jay-eo.[1] As manufactured, the trailer had fold down steps. It was allegedly installed by Gibbs, but Gibbs denies that it has any paperwork to substantiate this assertion. Regardless of who did the actual installation, the trailer was then subjected to a “Quality Control” inspection by Harris, after which Shaw did a final “Ready for Occupancy” (“RFO”) inspection. Melissa Fowler was allowed to occupy the trailer only after the RFO was completed and she signed the document signifying her acceptance of the unit.
Melissa Fowler lived in the travel trailer from October 2005 until February 2006 without incident. When she moved out, her sister, Melanie Fowler (“Ms. Fowler”) moved in. Four months later, on June 23, 2006, as Ms. Fowler was descending the steps, she stepped from the bottom step to the ground and fell, breaking one ankle and spraining the other. Ms. Fowler filed this suit on May 7, 2007.
The basic allegation of the suit is that the defendants were negligent in not erecting wooden steps and handrails in place of the manufacturer’s metal fold down steps when the trailer was installed. After preliminary discovery was conducted, defendants Shaw and Harris urged Motions for Summary Judgment which were set for hearing on March 19, 2009. Plaintiff successfully argued in opposition to the motions that discovery was not complete, and was granted an additional 120 days, until July 17, 2009, to finish discovery. The defendants re-urged their motions for summary judgment and a hearing was set for October 8, 2009. Hearing on the motions was again delayed to allow further discovery. | sAnother hearing on March 18, 2010, resulted in a further continuance to July 29, 2010. On that date, plaintiff was granted another continuance due to family matters. On October 6, 2010, defendant Gibbs also filed a Motion for Summary Judgment. On October 22, 2010, the Motions for Summary Judgment urged by all three defendants were heard and granted. Plaintiff urged a Motion for a New Trial, which was denied, and this appeal followed.

LAW AND ANALYSIS

The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions, and the *980 procedure is favored and should be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). A summary judgment shall be rendered if there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). After adequate discovery, or after a case is set for trial, a motion which shows that there are no factual disputes and that the mover is entitled to judgment as a matter of law shall be granted. La. C.C.P. art. 966(C)(1). Although the burden of proof remains with the movant, if the movant will not bear the burden of proof at trial it is sufficient to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. Thereafter, the adverse party must come forward with factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. If he fails to do so, there is no genuine issue of material fact. A fact is material when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery, and if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the dispute. Fossier v. Jefferson Parish, 07-926 (La.App. 5 Cir. 4/15/08), 985 So.2d 255. Appellate courts review summary judgments de novo using the same criteria applied by the 1 ñtrial courts to determine whether summary judgment is appropriate. Carr v. Wal-Mart Stores, Inc., 00-896 (La.App. 5 Cir. 10/31/00), 772 So.2d 865.
In the present case, plaintiffs theory is that the defendants were negligent in leaving the fold down metal steps in place at the trailer door, rather than building wooden steps with railings. She asserts that had wooden steps with railings been in place, the accident would not have occurred.
The defendants cite La. R.S. 9:2771, which provides that contractors are not liable for damages occasioned by any defect in the work undertaken if it is done in accordance with plans or specifications furnished to them. They point out that the ten pages of FEMA specifications applicable to travel trailer installations, which they were required to follow, have only one paragraph relating to steps. That paragraph begins by stating that “[i]f required, the Contractor shall install steps at each travel trailer entrance.” No provision in the specifications for travel trailers requires that wooden steps be installed. They further point to the FEMA “Ready for Occupancy” form for this specific trailer, which lists 30 items to be checked. Item 13 states: “[njote what type stairs are used (fold out, platform or wood),” and “fold out” is circled. They argue that if fold out stairs were to be replaced by wooden stairs, there would be ho option for fold out stairs in the final check off list. Finally, the defendants point out that for plaintiff to prevail, she would have to prove that the defendants did not perform the installation in accordance with the travel trailer specifications provided to them.
Plaintiff, for her part, points to certain FEMA specifications that require contractors installing manufactured homes to build wooden platforms and steps. However, FEMA has a completely separate set of specifications for the installation of travel trailers. Although plaintiff appears to use the terms “manufactured home” and “travel trailer” interchangeably, it is clear that they are two different types of 17housing units each having its own separate and distinct specifications for installation. Plaintiff has failed to produce any evidence to establish that the FEMA specifications for the installation of manufac *981 tured homes are applicable to a travel trailer such as the one where she fell.
Plaintiff further argues that the FEMA specifications for travel trailers require compliance with all local codes and ordinances and that Jefferson Parish by ordinance requires the installation of wooden steps. In support of this contention, plaintiff introduced pictures of various travel trailers in her neighborhood with wooden steps. However, plaintiff has never cited nor produced the particular ordinance that she claims requires the installation of wooden steps on travel trailers. We are not able to infer from a few photographs of neighboring travel trailers that such a requirement exists. She points to no other law or evidence which would establish that the installation was done other than in accordance with the specifications provided by FEMA. Defendants are not the owners of the travel trailer, nor did they design or manufacture it. Defendants’ only involvement was as the subcontractors hired by FEMA to install the travel trailer. It is clear that defendants have shown that plaintiff will not be able to establish an essential element of her claim at trial, i e., that defendants did not follow the plans and specifications provided to them. In this circumstance, summary judgment in defendants’ favor was appropriate.
Plaintiff also urges that it was error for summary judgment to be entered because discovery was not complete. The thrust of this argument is that there remains an issue as to which specific entity, Gibbs or another sub-contractor, actually placed the trailer at the site and hooked it up. Plaintiff alleges in her appellate brief that the trial court either denied her Motion to Compel or would not allow her to re-urge it. A review of the record indicates that plaintiff filed two ^Motions to Compel. Her first Motion to Compel was filed on September 22, 2009. The trial judge granted plaintiffs Motion to Compel and gave plaintiff until November 9, 2009, to propound additional discovery and ordered defendants to respond to plaintiffs discovery by December 10, 2009. On December 28, 2009, plaintiff filed a second Motion to Compel which was set for hearing on March 18, 2010. On March 9, 2010, plaintiff filed a Motion to Continue without date the hearing on her Motion to Compel, which motion was granted that same date by the trial judge. The record does not reflect that the plaintiff ever requested the Court to reset her Motion to Compel.
In Thomas v. Willis-Knighton Medical Center, 43,176 (La.App. 2 Cir. 4/30/08), 981 So.2d 807, the court stated:
Under La. C.C.P. art. 966, a motion for summary judgment is appropriate only after “adequate discovery.” It is not an abuse of the trial court’s wide discretion in discovery matters to entertain a motion for summary judgment before discovery has been completed. It is within the trial court’s discretion to render summary judgment or require further discovery. (Id. at 814).
The Motions for Summary Judgment were first set for hearing on February 11, 2009. After a number of continuances for the purpose of allowing the parties additional time to conduct discovery, the motions were heard on October 22, 2010. At that hearing, the trial judge stated:
“... I could have granted the motion for summary judgment in December of last year because a motion to compel was not filed and you alleged that you had not received your discovery but that’s the vehicle to use. File your motion to compel and the court will order them to comply and we will go from there but nothing has been filed.
*982 ... As I stated before, we’re a year later and no one has filed a motion to compel. All I have before me now are motions for summary judgment.” (Rec., Vol. Ill, p. 566).
Having no Motion to Compel before her and having already allowed the parties approximately twenty months to conduct additional discovery, we do not [ 9fmd that the trial judge abused her discretion in not further postponing the hearing on the Motions for Summary Judgment.
Furthermore, the question of which subcontractor installed the travel trailer is ultimately not material to the dispute. There is no question that Shaw and Harris were parties responsible for the proper installation. Because we have determined that plaintiff will not be able to prove that the trailer was improperly installed, particularly in regard to the steps, she will not be able to overcome the operation of La. R.S. 9:2771, regardless of which company did the actual work. We therefore reject this argument.

CONCLUSION

For the foregoing reasons, the summary judgment dismissing the suit against Shaw Environmental, Inc., Harris Builders, LLC, and Gibbs Construction, LLC, with prejudice, is hereby affirmed.

AFFIRMED

. Jayco has never been made a party defendant in this litigation. FEMA was at one point made a party defendant and the matter was removed to federal court. The federal action was dismissed by consent of the parties and the case was returned to state court.