ELLIS, Judge:
This case, which is consolidated with Tridico Electric Phonograph Company v. State of Louisiana, Department of Revenue, Joseph N. Traigle, Director, No. 10,067; Tac Amusement Co. v. Joseph N. Traigle, Collector of Revenue, etc., No. 10,068; and Jefferson Music Company, Inc. v. Joseph N. Traigle, Collector of Revenue, No. 10,069; was filed by plaintiff who is engaged in the operation and servicing of coin operated amusement devices for the return of sales taxes paid by him under protest. The defendant herein is the State of Louisiana, through the Department of Revenue, Joseph' N. Traigle, Collector. From a judgment in favor of plaintiffs, the State has appealed.
R.S. 47:302(C) provides, in part, as follows :
“There is hereby levied a tax upon all sales of services, as herein defined, in this State, at the rate of two per centum (2%) of the amounts paid or charged for such services.”
Sales of services is defined in R.S. 47:301 (14) (b) as follows:
“the sale of admissions to places of amusement, to athletic entertainment other than that of schools, colleges and universities, and recreational events, and the furnishing, for dues, fees, or other consideration, of the privilege of access to clubs or the privilege of having access to or the use of amusement, entertainment, athletic or recreational facilities;”
R.S. -47:304 provides that the tax levied by the above articles “shall be collected by the dealer from the purchaser or consumer” by adding the amount thereof to the sale price or charge. A penalty is imposed on any dealer who fails to collect the tax as above provided, or who advertises or represents .that he will absorb all or any part of the tax.
Although the foregoing provisions were originally enacted as Act 9 of 1948, no attempt was made to impose the tax on the gross receipts of coin operated machines *141 until the publication by the Department of Revenue of its revised regulations on October 1, 1973, in which appears the following language:
“Fees or other consideration and dues paid- for the privilege of obtaining access to clubs are similarly classified as sales of services under this particular section of the law. Such dues, fees, or other consideration are taxable even though some personal services may be rendered by the owner of the club after access thereto has been obtained. Dues, fees, or other consideration paid for the privilege of having access to places of amusement, entertainment, athletic, or recreational facilities and dues, fees, or other consideration paid for the use of any amusement, entertainment, recreational or athletic device, equipment or other facility are also included in the definition of sales of service. Thus, the total gross receipts from coin-operated or other devices for which the payment of a fee is required are taxable if the equipment, device, or other facility is used for amusement, recreational, entertainment or athletic purposes. The tax on such gross receipts shall be paid by the owner or lessee of the device, equipment or other facility or by the operator who has the right to remove the receipts from the machine.”
Plaintiffs were notified by a letter from the Department dated September 24, 1973, as follows:
“The words ‘amusement, entertainment, athletic or recreational facilities,’ include such facilities as marble boards, mtisic boxes, pinball machines and all other coin operated mechanical amusement devices.

"Effective October 1, 1973, all such dealers are required to register with this Division and to commence remitting the sales tax applicable to their gross sales of services from all coin operated mechanical amusement devices.”

All plaintiffs have since paid the taxes under protest, and now seek to recover them from the Department under the provisions of R.S. 47:1576.
The trial judge, in a well reasoned opinion, determined that the tax was not payable because the word “facilities” in R.S. 47:301(14) (b) was intended to cover places of amusement rather than amusement devices. Although we agree with his conclusion, we base our opinion on other grounds.
It is the position of the Department that the combined effect of R.S. 47:302 and 301(14) (b) is to impose a tax on “the use of amusement, entertainment, athletic or recreational facilities.” We cannot agree. The statute, in pertinent part, reads as follows :
“(14) ‘Sales of Services’ means and includes the following:
******
“(b) . . . the furnishing for dues, fees, or other consideration, of the .privilege of having .the use of amusement, entertainment, athletic or recreational facilities.”
We think it clear that the tax is on the ■furnishing of the privilege to use a facility, and not on the use thereof. For example, the privilege of using a coin operated device may be paid for, if the device is located in a private club, and the admission charge or dues paid would be subject to the tax. The privilege of using the device is free, if it is located in a public place. In both cases, the actual use of the device requires the deposit of a coin therein, but this latter transaction is not taxable.
Further, the manner in which the new regulations require that the tax is to be paid appears to be in violation of the provisions of R.S. 47:304, which requires the collection of the tax from the consumer, and forbids it absorption by the seller or dealer.
*142 We therefore hold, as did the trial judge, that “petitioners, while in the business of owning and/or operating coin-operated amusement devices, such as automatic phonographs, bowling games, pool tables, or similar mechanical devices are not subject to the provisions of R.S. 47:301 (14) (b); ordering that all petitioners who have paid such taxes under protest be allowed to reclaim same, together with interest allowed by law; and restraining and enjoining defendant from imposing or collecting any further such tax from defendants.”
The judgment appealed from is affirmed, with defendant to pay all costs for which it may be liable under law.
Affirmed.