688 So.2d 147 (1997)
Frank A. FERRARA, D/B/A 96-CA-806 Splish Splash Laundromat
v.
SECRETARY, DEPARTMENT OF REVENUE AND TAXATION, STATE OF LOUISIANA.
No. 96-CA-806.
Court of Appeal of Louisiana, Fifth Circuit.
January 28, 1997.
Writ Denied April 4, 1997.
Cheryl L. Duvieilh, Department of Revenue and Taxation, Baton Rouge, for Defendant/Appellant.
David R. Sherman, Steven E. Hayes, Melissa A. Gibbs, Metairie, for Plaintiff/Appellee.
Before GRISBAUM, WICKER and DALEY, JJ.
WICKER, Judge.
This appeal arises from the trial court's affirmance of a judgment from the Board of Tax Appeals in favor of Frank A. Ferrara, d/b/a Splish Splash Laundromat (Ferrara). The judgment vacated and set aside an assessment of sales taxes for the period of January 1992 through August 1994. The Secretary of the Department of Revenue and Taxation for the State of Louisiana (the Department) now appeals. We affirm.
The facts are not in dispute. Ferrara operates a coin-operated laundromat. The Department audited Ferrara's records from January 1, 1992 through August 31, 1994 and assessed sales tax, penalties, and interest of $31,436.22. The assessment was for sales tax on receipts from the coin-operated washers and dryers. Ferrara filed a petition for redetermination of the assessment with the Louisiana Board of Tax Appeals (the Board). The Board vacated the assessment. That decision was affirmed by the trial court. The Department now appeals and specifies the following errors:
1. The District Court erred by applying a sales tax exemption under La.R.S. 47:301.17 which was suspended at the rate of three (3%) percent and four (4%) percent.
2. The District Court erred by holding that Plaintiff's activity was not a taxable service under La.R.S. 47:301(14)(e).
In St. Pierre's Fabrication and Welding, Inc. v. McNamara, 495 So.2d 1295 (La.1986) at 1298 the court held:
The standard of review of a decision of the Board of Tax Appeals is correctly enunciated in Collector of Revenue v. Murphy Oil Co., 351 So.2d 1234 (La.App. 4th Cir.1977). Judicial review of a decision of the Board is rendered upon the record as made up *148 before the Board and is limited to facts on the record and questions of law.
We therefore determine whether the Board erred as a matter of law in setting aside the assessment. In Collector of Revenue v. Murphy Oil Corporation, 351 So.2d 1234 (La.App. 4th Cir.1977) at 1236 the court held:
If the Board has correctly applied the law and adhered to correct procedural standards, its judgment should be affirmed.
For the reasons stated below, we find no error of law in the Board's decision.
The Department relies on La. R.S.47:305.17, enacted in 1975, which provided an exemption to this transaction, but which was subsequently suspended by the legislature during the period from January 1, 1992 through August 1, 1994. The Department contends the assessment is allowed because of the legislative suspension during this period. La.R.S.47:302(F) provided for the suspension of various exemptions. La. R.S.47:305.17 is not listed as one of the exemptions to which the suspension would not apply. The suspension covers the period from 1988 to 1996. Ferrara admits the exemption under La.R.S.47:305.17 was suspended during the period for which he was assessed. He also does not dispute the amount of the actual assessment. He does, however, contend the transaction at issue was never taxable and could not be made taxable through an exemption. We agree.
In order to determine whether the transaction was ever taxable, we look to La. R.S.47:301(14)(e). The pertinent portion of La.R.S.47:301(14)(e) defines inter alia sales of services, a taxable transaction, as follows:
(e) The furnishing of laundry, cleaning, pressing and dyeing services, including by way of extension and not of limitation, the cleaning and renovation of clothing, furs, furniture, carpets and rugs, and the furnishing of storage space for clothing, furs and rugs.
The Department argues that since coin-operated machines provide a cleaning service, the transaction is taxable. However, La.R.S.47:301(14)(e) envisions a full service laundry and not the self-service operation of a commercial laundromat which only provides the use of washers and dryers. Additionally, coin-operated laundromats are not mentioned in the statute.[1]
In Ford Motor Credit Co. v. Melancon, 95-1221 (La.App. 3rd Cir. 6/19/95) 677 So.2d 145 at 147 the court explained:
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. Civ.Code art. 9.
Therefore, the transaction at issue herein is not a taxable transaction under La. R.S.47:301(14)(e). We find the statute to be clear in not applying to coin-operated laundromats. Thus, there is no need to determine the intent of the legislature in enacting La.R.S.47:301(14)(e).
We now turn to a discussion of the later enacted La.R.S.47:305.17. That provision, enacted in 1975, provides:
§ 305.17. Exclusions and exemptions; income from coin-operated washing and drying machines in a commercial laundromat
State sales taxes imposed by R.S. 47:302 and R.S. 47:321, as well as any sales taxes imposed by any parish, municipality, school board, or other political subdivision, within the state, shall not apply to or be imposed upon the income on receipts from any coin-operated washing or drying machine in a commercial laundromat. A commercial laundromat, for purposes of this Section, is defined to be any establishment engaged solely in the business of furnishing washing *149 or drying laundry services by means of coin-operated machines.
We have found what appears to be a conflict in two statutory provisions. If the later provision, La.R.S.47:305.17, is enforced then the transaction which was excluded in La. R.S.47:301(14)(e) would now be included as a taxable transaction by virtue of an exemption and not by virtue of a legislative imposition of tax. To hold that an exemption would confer a taxable status when there was no taxable status originally, would lead to an absurd result. Further, if we view the later exemption statute as providing an irreconcilable conflict, then the exemption statute would prevail because it would impliedly repeal the exclusion from imposition of tax. La. Civ.Code art. 8. This too would lead to an absurd result. We do not view the exemption as an attempt by the legislature to impose a tax on the transaction. The later statute makes no statement it is changing the law to now impose a tax.
In Bryant v. Long, 180 So.2d 22 (La.App. 3rd Cir.1965) the court held at page 26:
When literal application of different sections of the Revised Statutes produces conflicting or ambiguous interpretations, the courts must endeavor to give effect to each statutory provision within its proper scope, reconciling where possible the various statutory sections as being simultaneous expressions of the legislative will. Hall v. Rosteet, 247 La. 45, 169 So.2d 903.
Following this principle, we conclude the legislature's enactment of the exemption was to stress its intention that this transaction not be taxed. By enacting the exemption, it gave the transaction the status of being both an exclusion and an exemption. Therefore, when certain exemptions were suspended, the suspension did not affect this transaction which had been excluded from taxation.
We hold the transaction at issue is an exclusion. In Tarver v. World Ship Supply, Inc., 615 So.2d 423 (La.App. 4th Cir.1993), writ denied, 616 So.2d 672 (La.1993) the court explained the difference between an exclusion and an exemption at 426:
The difference can readily be seen by reference to the following from section 3.1 of Louisiana Sales & Use Taxation by Bruce J. Oreck:
Two well established rules of statutory construction come into play when considering exclusions and exemptions. A tax exemption is a provision which exempts from tax a transaction which would, in the absence of the exemption, otherwise be subject to tax. That is, there has been a statutory decision not to tax a certain transaction which is clearly within the ambit and authority of the taxing statutes to tax. On the other hand, an exclusion relates to a transaction which is not taxable because it falls outside the scope of the statute giving rise to a tax, ab initio. Transactions excluded from tax are those which by the language of the statutes are defined as beyond the reach of the tax.
The author goes on to say, citing a wealth of authority, that while exemptions from taxation are strictly construed against the taxpayer, statutes imposing the tax, of which exclusions are an integral part, are construed liberally in favor of the taxpayers and against the taxing authority.
Accordingly, for the reasons stated, the judgment is affirmed.
AFFIRMED.
NOTES
[1] Appellant argues the decision of the trial court reflects acceptance of appellee's reliance on Barbin v. State, 307 So.2d 140 (La.App. 1st Cir. 1974), writ denied, 310 So.2d 644 (La. 1975) which was inappropriate. However, the trial judge gave no reasons for judgment. We agree with appellant that the Barbin case is distinguishable because it interpreted a different portion of the statute. We also note that we do not rely on a regulation used by the Department regarding its approach to find no taxation as to self-service car washes. That regulation is inapposite. Nor do we rely on a magazine article introduced at the hearing before the Board indicating the belief held in the commercial laundry business that this transaction was not taxable in Louisiana.