LGOTHARD, Judge.
Defendant, United Airlines (“United”) appeals from a summary judgment in fa *187 vor of plaintiff, John Neely Kennedy Secretary of the Louisiana Department of Revenue, (“Department”), finding that United is liable for sales tax for its purchase of jet fuel, and awarding plaintiff attorney’s fees and costs. For the following reasons, we affirm the decision of the trial court.

ANALYSIS

A summary judgment is appropriate when there remains no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. LSA-C.C.P. art. 966(B) provides in part as follows:
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
IsSummary judgments are now favored in the law and the rules should be liberally applied. Carr v. Wal-Mart Stores, Inc., 00-896 (La.App. 5 Cir. 10/31/00), 772 So.2d 865, writ denied, 00-3247 (La.1/26/01), 782 So.2d 636; Susananbadi v. Johnson, 97-91 (La.App. 5 Cir. 9/17/97), 700 So.2d 886. Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Carr v. Wal-Mart Stores, Inc., supra.
In this case, the uncontested facts show that during the tax period at issue, United conducted commercial airline operations out of the New Orleans International Airport. United’s operation at the New Orleans International Airport is that of a “line station” — United’s flights into and out of New Orleans are from or bound to one of United’s hubs; for example, San Francisco, Los Angeles, Denver, Chicago or Washington-Dulles. United purchased jet fuel from two vendors in Louisiana: Exxon and Shell. Each day, twelve United aircraft would arrive from and depart for those hubs. The normal chain of events was stipulated as: once the aircraft reaches the gate, the passengers are deplaned and any cargo is unloaded. The aircraft is cleaned of refuse left by the prior passengers, and the lavatory is cleaned and emptied as necessary. United’s caterer removes service items utilized on the inbound flight and replaces them with new service items as necessary. The aircraft is fueled, if necessary. Additional maintenance and mechanical service is given only if needed, and during a normal “turn around,” there is no scheduled maintenance on the aircraft. Finally, passengers board the aircraft, any cargo loaded on the aircraft, and it departs from its appointed 14destination out of the state of Louisiana. The ground crew in New Orleans usually has thirty to forty minutes to complete this process.
On appeal, United argues that La. R.S. 47:305E excludes the purchase and use of jet fuel used in interstate airline operations from Louisiana state and use tax. Plaintiff argues that the taxable event in question is the “sale” of the jet fuel in the state of Louisiana, and that R.S. 47:305E does not prohibit this sale from taxation. Both parties rely on the case of Tigator, Inc. v. Police Jury of West Baton Rouge Parish, 94-1771 (LaApp. 1 Cir. 5/5/95), 657 So.2d 221, unit denied, 95-2125 and 95-2126 (La.11/17/95), 663 So.2d 712[1].
R.S. 47:305E provides:
*188 E. (1) It is not the intention of this Chapter to levy a tax upon articles of property imported into this state, or produced or manufactured in this state, for export; nor is it the intention of this Chapter to levy a tax on bona fide interstate commerce; however, nothing herein shall prevent the collection of the taxes due on sales of tangible personal property into this state which are promoted through the use of catalogs and other means of sales promotion and for which federal legislation or federal jurisprudence enables the enforcement of this Chapter upon the conduct of such business. It is, however, the intention of this Chapter to levy a tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in this state, of tangible personal property after it has come to rest in this state and has become a part of the mass of property in this state. At such time as federal legislation or federal jurisprudence as to sales in interstate commerce promoted through the use of catalogs and other means of sales promotions enables the enforcement of this Chapter against vendors that have no other nexus with this state, the following provisions shall apply to such sales on which sales and use tax would not otherwise be collected.
[sin Tigator, supra, plaintiffs operated tractor-trailer rigs hauling goods between various states, and thus were engaged in interstate commerce. The tractors used by plaintiffs were purchased in Texas, and delivered and accepted in Louisiana. The trailers were purchased, delivered and accepted in Texas. The court found that a taxable retail sale occurred regarding the purchase of the tractors which were delivered in the parish (and state), as well as repair parts sold or delivered in the state. The court found that the trailers, which were purchased out-of-state, prepared for commerce in the state, and then used in interstate commerce, were not subject to a use tax.
In finding that the sale of the tractors delivered in Louisiana was a taxable event, the court said:
The statute provides for the taxation of property sold at retail in the state “after it has come to rest in this state and has become a part of the mass of this state.” The taxpayers contend the tractors did not come to rest in this state or become a part of the mass of the state, but rather were always in interstate commerce. We disagree. When the tractors initially arrived in West Baton Rouge Parish, the petitioners inspected the vehicles, applied decals, attached licenses and, generally, made the units roadworthy, before placing them on the road. The interstate movement of delivery was complete and the interstate movement of hauling general commodities had not yet begun. Thus, there was at taxable moment at the point of delivery. The retail sale of the tractors was a discrete transaction which occurred in intrastate commerce. Therefore, the sale at retail of the tractors and repair parts in West baton Rouge Parish is taxable under LSA-R.S. 47:305E. (Citations omitted.)
In Shaw Group, Inc. v. Kennedy, 99 1871 (La.App. 1 Cir. 9/22/00), 767 So.2d 987, plaintiff purchased two airplanes out-of-state, to be used for out-of-state transportation. The department argued that there was a taxable moment at the time of delivery, and attempted to assess a use tax on the airplanes. The court disagreed stating that:
lfiWe are not persuaded by the Department’s argument that a “taxable moment” occurred when the airplanes were delivered in Louisiana. Although the *189 court in Tigator found a “taxable moment” and upheld the tax imposed with regard to the trailers and repair parts, that portion of the court’s decision concerned a sales tax, not a use tax. The facts surrounding those transactions are different than the one we are faced with in this case.
Here, this court is faced with a sales tax, not a use tax. The pertinent issue is whether the purchase of jet fuel in Louisiana, to be consumed during interstate commerce, is a taxable event. Tigator tells us that this transaction is subject to sales tax. The jet fuel is sold in the state of Louisiana, and was delivered to the airplane in the state. This sale was a discrete transaction that occurred intrastate. Accordingly, the trial court did not err in granting summary judgment in favor of plaintiff, finding that sales tax is owed.
Appellant also alleged that the trial court erred in its imposition of attorney fees. In its brief to this court, counsel for United does not dispute the amount of attorney’s fees awarded, but notes that “for the purpose of preserving its rights, objects to the imposition of attorney’s fees to the extent that the district court’s Judgment is reversed.” Because we find that the district court did not err in its judgment, this allegation is without merit.

CONCLUSION

For the above discussed reasons, the judgment of the trial court is affirmed. Costs are assessed against appellant.
AFFIRMED.

. In Tigator, the sales tax at issue was levied under local taxing ordinances. The court noted that these local taxes were subject to La. 47:305E.