CHAISSON, J.
Taxpayer, FMT Shipyard & Repair, LLC ("FMT"), appeals a final judgment of the Louisiana Board of Tax Appeals - Local Division ("the Board") that denied its petition for redetermination of taxes owed, rendering judgment in favor of the Sheriff of Jefferson Parish, as Tax Collector ("the Sheriff"), and against FMT, in the amount of $ 23,800.00, plus applicable penalties and attorney's fees. For the following reasons, we affirm the judgment of the Board of Tax Appeals.
FACTS & PROCEDURAL HISTORY
FMT operates a shipyard in Harvey, Louisiana, where it performs various services and repairs to floating ships and barges that are used in the inland waterways of the United States of America. Its principal business is performing repairs to vessel hulls, as well as various other steel repairs, for the purposes of returning vessels to seaworthiness. The work is performed on-site at its Harvey shipyard. In connection with these repairs, FMT fabricates certain parts, such as propeller shafts, rudders, rudder shafts, and stairwells. Each of these parts is typically unique to the vessel being repaired.
FMT began operating in Jefferson Parish in 2008. At that time, and throughout the taxable period at issue, 2010 to 2013, FMT registered and paid occupational license taxes ("OLT") under the "contractor" designation as set forth in Jefferson Parish Code Ordinance ("J.P. Code Ord.") Sec. 35-182. Under this classification, FMT paid OLT in the amount of $ 700.00 per year.
In 2015, the Sheriff conducted an audit of FMT for the tax years 2010 through *870 2013 and determined that FMT should have paid its OLT under the classification of "shipbuilder" as provided by J.P. Code Ord. Sec. 35-175, which imposed a higher OLT rate than that of the "contractor" classification. Following the audit, on December 23, 2015, the Sheriff sent a Notice of Delinquent Taxes - Formal Assessment to FMT, which claimed a total OLT deficiency of $ 41,015.88, consisting of $ 23,800.00 in tax, $ 11,265.88 in interest, and $ 5,950.00 in penalties for the taxable period.[1]
On January 15, 2016, FMT timely filed with the Louisiana Board of Tax Appeals a petition for redetermination of the Sheriff's OLT assessment. In its petition, FMT claims that during the taxable period it erroneously, but not improperly, claimed to be a "contractor" while it should have been classified as a "manufacturer" and is therefore exempt from all OLT liability. The Sheriff filed an answer and reconventional demand in which he rejected FMT's claim to be a manufacturer and demanded attorney's fees in addition to the total amount of tax, interest, and penalty owed.
Following a hearing on the matter during which both parties introduced documentary evidence and testimony from accountants and auditors, the Board rendered judgment with written reasons denying FMT's petition for redetermination and further rendered judgment in favor of the Sheriff in the amount of $ 23,800.00 in tax and $ 5,950.00 in penalty, together with interest and 10% attorney's fees on the amount of tax, penalty, and interest due.
On appeal, FMT raises numerous assignments of error which may be generally summarized: first, the Board legally erred in failing to classify FMT as either a "manufacturer" or, in the alternative, as a simple "contractor" for purposes of the Jefferson Parish OLT; and second, the Board legally erred in failing to rule that the Jefferson Parish OLT ordinances are unconstitutional under La. Const. Art. VI, § 28.
DISCUSSION
Jurisdiction & Standard of Review
La. R.S. 47:1435 provides that the courts of appeal have exclusive jurisdiction to review the decisions or judgments of the Board of Tax Appeals. Upon review, the appellate court has the power to affirm or, if the decision or judgment of the Board is not in accordance with law or is manifestly erroneous on the facts considering the record as a whole, to modify, or to reverse the decision or judgment of the board, with or without remanding the case for further proceedings. Id. This statutory standard of review conforms with the general rule applicable to civil appeals, i.e. , factual determinations are subject to review for manifest error. Tietjen v. City of Shreveport , 09-2116 (La. 5/11/10), 36 So.3d 192, 197-198. For questions of law, if the Board has correctly applied the law and adhered to correct procedural standards, its judgment should be affirmed. Ferrara v. Secretary, Dept. of Revenue and Taxation, State of Louisiana , 96-806 (La. App. 5 1/28/97) 688 So.2d 147, 148, writ denied , 97-0411 (La. 4/4/97), 692 So.2d 418.
With regard to the questions concerning the constitutionality of the Jefferson Parish OLT ordinances, La. R.S. 47:1432(B)(1)(a) provides that the Board has no jurisdiction to declare a statute or ordinance unconstitutional, but requires the transfer of the case to district court for a declaration of unconstitutionality upon the motion of any party if the Board finds *871 that the case cannot be resolved without reaching a declaration on the alleged unconstitutionality. The longstanding jurisprudential rule of law in Louisiana is litigants must raise constitutional attacks in the trial court, not the appellate courts, and the constitutional challenge must be specifically pleaded and the grounds for the claim particularized. Unwired Telecom Corp. v. Par. of Calcasieu , 03-0732 (La. 1/19/05), 903 So.2d 392, 399. FMT did not file its petition and raise its constitutional questions in the district court, nor did it raise these issues before the Board and request transfer to the district court pursuant to La. R.S. 47:1432(B)(1)(a). We therefore will not consider these constitutional questions for the first time in this appeal, instead limiting our discussion to those assignments of error relating to the classification of FMT.
The Classification of FMT
Review of the Board's classification of FMT requires examination of both the Louisiana Revised Statutes and the Jefferson Parish Code of Ordinances. The language of Jefferson Parish Code of Ordinances Chapter 35, Article VI closely parallels that of Louisiana Revised Statutes Title 47, Subtitle II, Chapter 3. La. R.S. 47:341 both authorizes and limits municipalities' and parishes' rights to impose OLT, while the J.P. Code Ord. Sec. 35-153 imposes an OLT upon each person, association of persons, partnerships, firms and corporations pursuing any trade, profession, vocation, calling or business in the parish. Both La. R.S. 47:346 and J.P. Code Ord. Sec. 35-158 state that only one license shall be required for each place of business, and the license shall be based upon the classification of business which constitutes the major portion of the taxable annual gross sales and receipts. La. R.S. 47:347 and J.P. Code Sec. 35-159 contain the same language on how the classification of a business is determined for the OLT:
In order to calculate the license fee for a business location at which business activities are carried on that fall under more than one tax basis schedule, gross receipts, fees, or commissions for each group of activities falling under each schedule must be compared. The rate for the schedule which constitutes the major portion of the gross receipts, fees or commission will be used. However, the total gross receipts, fees or commissions for all business activities carried on at the business location, minus any applicable deductions, are applied to the schedule to compute the fee.
Under these provisions, classification of a business for purposes of determining the OLT begins not with searching for a category such as "manufacturer" or "contractor" and looking to see whether some of the business's activities conform to that definition, but rather an examination of all of the business's activities to identify the major portion. Both the ordinance and the statute clearly contemplate situations where a business may be engaged in multiple kinds of activities and provides a clear basis for determining which of those activities will be the sole basis for taxation.
At trial, the court heard testimony from Mr. Robert Pate, FMT's accounting manager. He testified that the principal business of FMT during the taxable period was repairs to vessels. The repairs included fabrication of custom steel and aluminum parts not made or sold to the public. Ms. Carrie Power, the supervising auditor of the audit of FMT shipyard, also testified regarding the FMT business records they reviewed during the audit. Specifically, she testified about information she received from FMT that all the manufacturing done was custom work and none of the parts were sold at retail.
*872 Based on this testimony and extensive review of the documentary evidence, the trial court determined that the majority of FMT'S business activities for the taxable period fell within the schedule for shipbuilders set forth in La. R.S. 47:355 and J.P. Code Ord. Sec. 35-175 (which contain identical language). The trial court did not find that FMT engaged in no manufacturing or contracting activities, but rather that such activities, including the fabrication of custom parts for ships, were incidental to its principal business activities operating a shipyard and providing ship repair services.
Upon our review of the record, we find that the trial court correctly applied the law and that the evidence supports the classification of FMT as a shipbuilder pursuant to J.P. Code Ord. Sec. 35-175.[2] Therefore, we affirm the judgment of the Board.
AFFIRMED

A Formal Assessment for sales and use tax was also sent to FMT on January 8, 2016, which FMT has also contested. Those issues are not before this Court at this time.

We acknowledge that there are apparent discrepancies in J.P. Code Ord. Sec. 35-182(a) and La. R.S. 47:362(A) concerning the minimum OLT paid by contractors; however, because the trial court correctly classified FMT as a shipbuilder, these special provisions are not relevant to our discussion.