| | |
|---|---|
| ZELIA, LLC | NO. 19-CA-372 |
| VERSUS | FIFTH CIRCUIT |
| KIMBERLY ROBINSON, SECRETARY, LOUISIANA DEPARTMENT OF REVENUE, ET AL | COURT OF APPEAL |
| | STATE OF LOUISIANA |

ON APPEAL FROM THE
BOARD OF TAX APPEALS
STATE OF LOUISIANA
NO. 10430D

December 30, 2019

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Stephen J. Windhorst

<u>**AFFIRMED**</u>

**SJW**
**JGG**
**MEJ**

COUNSEL FOR PLAINTIFF/APPELLANT,
ZELIA, LLC
   Cloyd F. Van Hook

COUNSEL FOR DEFENDANT/APPELLEE,
KIMBERLY ROBINSON, SECRETARY, STATE OF LOUISIANA,
DEPARTMENT OF REVENUE
   Miranda Y. Scroggins
   Antonio C. Ferachi
   Debra D. Morris
   Brian C. DeJean

**WINDHORST, J.**

Appellant, Zelia, LLC, seeks review of the Louisiana Board of Tax Appeals April 10, 2019 judgment granting the motion for summary judgment filed by appellee, Kimberly Robinson, Secretary, Department of Revenue & Taxation, State of Louisiana, and denying the cross-motion for summary judgment filed by appellant.[1] For the reasons that follow, we affirm.

**PROCEDURAL HISTORY AND FACTS**

Appellant entered into Enterprise Zone Contract No. 20111066-EZ ("the contract") with the Louisiana Board of Commerce and Industry ("BCI") with an effective date of October 18, 2011. The Enterprise Zone Program is administered by the Louisiana Department of Economic Development ("LED"). Because of the contract, appellant received a refundable investment tax credit in the amount of $233,159.78. The terms of the contract required appellant to hire one new employee or to create one net new job within the first twelve months of the contract period.

On April 25, 2015, LED notified appellant that it was in violation of its net new job obligation under the contract. The contract was presented to BCI for cancellation at its June 23, 2015 and October 27, 2015 meetings, but no action was taken. LED again brought the contract to BCI for cancellation at its December 8, 2015 meeting, at which time BCI voted to cancel the contract. By letter dated December 15, 2015, LED advised appellant that BCI cancelled the contract and for appellant to contact the Audit Division of LDR to make arrangements for repayment of the investment tax credit. LED also notified LDR via email on December 16, 2015 that the contract was cancelled and that all benefits previously received by appellant should be recovered.

---

[1] Pursuant to this Court's order and prior to submission of the case to this Court, an amended valid final judgment was submitted containing appropriate decretal language, dismissing the appellant's claims against the LDR with prejudice.

On February 25, 2016, appellant filed an administrative appeal of the cancellation of the contract. The administrative review was based on a contractual dispute between appellant and LED wherein the parties disagreed on the correct formula for calculating the number of net new jobs appellant was required to create within the first twelve months of the contract. On September 12, 2016, BCI denied the administrative appeal, upholding the cancellation of the contract. LED notified LDR that the administrative appeal was denied and that LDR needed to recover the investment tax credit. In response, LDR notified appellant that it needed to repay the investment tax credit with interest and that it was due immediately. Appellant did not repay the investment tax credit.

On December 1, 2016, LDR issued appellant a "Notice of Proposed Tax Due" and "Notice of Assessment and Notice of Right to Appeal to the Louisiana Board of Tax Appeals" assessing Louisiana corporation income and franchise tax in the amount of $223,159.78 and interest in the amount of $40,276.73 for the 2013 tax year ("the assessment"). In issuing the assessment, LDR sought to recover the investment tax credit that appellant received from the contract. On January 20, 2017, appellant appealed the assessment by filing a petition for redetermination of the assessment with the Louisiana Board of Tax Appeals ("BTA"). In the petition, appellant contended that LED's method for determining the number of net new jobs created did not comply with the language of the statute, that BCI breached appellant's contract when it cancelled it despite appellant complying with the contract, and LDR's assessment should be rescinded as it was improperly issued based on erroneous information from LED.

In response, LDR, LED, and BCI filed joint exceptions of lack of subject matter jurisdiction, no right of action, and no cause of action. LDR, LED, and BCI argued that the BTA did not have jurisdiction over LED or BCI and therefore, it had no jurisdiction to determine the merits of the contract between appellant and BCI.

They also asserted that appellant did not have a right of action because the law did not afford it a remedy from LDR's assessment. They further claimed that because of the BTA's lack of jurisdiction over the underlying contract between appellant and BCI, appellant did not have a cause of action. On November 7, 2017, the BTA sustained in part the exceptions as to the prayer requesting the BTA to order LED and BCI to reinstate the contract. In all other respects, the BTA overruled the exceptions. LED and BCI filed for supervisory review of the BTA's November 7, 2017 judgment overruling their exceptions with the Louisiana First Circuit Court of Appeal ("the First Circuit"). LDR also filed for supervisory review of the BTA's November 7, 2017 judgment overruling its exceptions with the First Circuit.

On May 14, 2018, the First Circuit denied LDR's writ application. On the same day, the First Circuit granted LED and BCI's writ application, sustaining LED and BCI's exception of lack of subject matter jurisdiction, and dismissing the claims asserted by appellant against LED and BCI. In granting LED and BCI's exception, the First Circuit found that:

> The BTA's jurisdiction, as provided in La. R.S. 47:1407, does not extend to permit the BTA to determine the merits of the contract dispute between Zelia, LLC and Relators, particularly considering the tax assessment issued by the Louisiana Department of Revenue is a secondary issue contingent upon resolution of the contract dispute.

After the First Circuit's rulings, appellant filed an amended petition removing LED and BCI as defendants and all claims against them.

Subsequently, LDR and appellant filed cross-motions for summary judgment with the BTA. In its motion for summary judgment, LDR argued that it received notice that the contract was cancelled and that once notice was received, it was statutorily obligated to recover the investment tax credit under La. R.S. 51:1787 I. LDR contended that absent jurisdiction to determine the underlying contract dispute between appellant and BCI, the only issue remaining before the BTA was the

correctness of the assessment. LDR asserted that because there was no error in the calculation of the assessment, it was entitled to summary judgment. In support of its motion, LDR attached appellant's petition with exhibits and appellant's discovery responses to LDR's interrogatories and requests for admissions and production of documents.

In its motion for summary judgment, appellant argued that the BTA maintained jurisdiction over the contract dispute as it related to LDR. Appellant contended that it was entitled to summary judgment because the termination of the contract was invalid as a matter of law. Appellant claimed that under the law, LDR was required to make its own determination as to whether the contract should have been cancelled. In support of its motion, appellant submitted the affidavit of Maureen Clary. In the affidavit, Ms. Clary stated that appellant had one employee prior the October 18, 2011 effective date of the contract and hired a second employee on August 26, 2012. Ms. Clary stated that both employees are still employed by appellant. Appellant asserts that it complied with its obligation by hiring the second employee. LDR objected to Ms. Clary's affidavit in a motion to strike and motion *in limine*. LDR argued that Ms. Clary's statements are irrelevant because they concern the underlying contract dispute, of which the BTA has no jurisdiction. The matter was taken under advisement. On April 10, 2019, the BTA rendered judgment granting LDR's motion for summary judgment and denying appellant's motion for summary judgment. The BTA found no genuine issue of material fact existed as to the correctness of the assessment. The BTA found that the assessment "was proper under the law, and factually correct with respect to the computation of liability" and therefore granted LDR's motion for summary judgment. Finding that the underlying contract was not properly before the BTA, the BTA denied appellant's cross-motion for summary judgment. This appeal followed.

On appeal, appellant argues that the BTA erred in granting LDR's motion for summary judgment and denying appellant's cross-motion for summary judgment. Specifically, appellant contends that: (1) "The BTA erred when it interpreted the language of Louisiana First Circuit Court of Appeal's (the "First Circuit") Judgment on the writ application filed by LED and BCI to mean that it lacked subject matter jurisdiction to determine if Zelia had met the statutory Enterprise Zone Program hiring requirements"; (2) "The BTA erred when it failed to consider the affidavit of Ms. Clary"; (3) "The BTA erred when it stated, 'Thus, even though the Taxpayer might have met the statutory criteria for the ITC, it was no longer entitled to a credit or rebate once the EZ Contract was cancelled'"; (4) "The BTA erred when it granted Summary Judgment in favor of the Secretary [of the Department of Revenue]"; and (5) "The BTA erred when it did not grant Summary Judgment in favor of the Taxpayer (Zelia)."

**STANDARD OF REVIEW**

La. R.S. 47:1435 provides that the courts of appeal have exclusive jurisdiction to review the decisions or judgments of the BTA. Judicial review of a decision of the BTA is rendered on the record as made up before the BTA and is limited to facts on the record and questions of law. International Paper, Inc. v. Bridges, 07-1151 (La. 01/16/08), 972 So.2d 1121, 1127; R & B Falcon Drilling USA, Inc. v. Secretary, Department of Revenue, 09-256 (La. App. 1 Cir. 01/11/10), 31 So.3d 1083, 1085; See La. R.S. 47:1434. The BTA's findings of fact should be accepted where there is substantial evidence in the record to support them and should not be set aside unless they are manifestly erroneous in view of the evidence on the entire record. International Paper, Inc., 972 So.2d at 1127-1128; R & B Falcon Drilling USA, Inc., 31 So.3d at 1085. For questions of law, if the BTA has correctly applied the law and adhered to correct procedural standards, its judgment should be affirmed. International Paper, Inc., 972 So.2d at 1228 (citing Collector of Revenue v. Murphy

Oil Co., 351 So.2d 1234, 1236 (La. App. 4 Cir. 1977)); Bridges v. Offshore Drilling Co., 10-2214 (La. App. 1 Cir. 07/18/11), 69 So.3d 738; Ferrara v. Secretary, Dept. of Revenue and Taxation, State of Louisiana, 96-806 (La. App. 5 Cir. 01/28/97), 688 So.2d 147, 148, writ denied, 97-0411 (La. 04/04/97), 692 So.2d 418.

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 A(3). A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Hines v. Garrett, 04-806 (La. 06/25/04), 876 So.2d 764, 765 (*per curiam*).

The party moving for summary judgment bears the burden of proof. La. C.C.P. art. 966 D(1). However, if the movant will not bear the burden of proof at trial, the movant's burden on the motion for summary judgment does not require him to negate all essential elements of the adverse party's claim, action, or defense. Id. Movant only needs to point out the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Id. If the adverse party fails to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law, summary judgment should be granted. Id.

Appellate courts review summary judgments *de novo* using the same criteria applied by trial courts to determine whether summary judgment is appropriate. American Multi-Cinema, Inc. v. Normand, 18-488 (La. App. 5 Cir. 04/03/19), 268 So.3d 1167, 1172; Kennedy v. United Airlines, Inc., 01-426 (La. App. 5 Cir. 10/17/01), 797 So.2d 186, 187.

**DISCUSSION**

The Enterprise Zone Program allows a state sales and use tax rebate on the purchase of materials used in the construction, expansion, or upgrading of a facility housing the business of an Enterprise Zone contract holder and purchasers of machinery and equipment. La. R.S. 51:1787 A(a). In lieu of a state sales and use tax rebate, the State of Louisiana will grant a refundable investment tax credit equal to one and one-half percent of the qualified expenditures for federal income tax purposes and items placed in service during the project period. La. R.S. 51:1787 A(b). If LDR receives notice that the rebate or credit ceases by reason of violation of the terms of the contract under which the rebate or credit is granted, then the amount of the credit shall be considered a tax due and the tax due shall be collected by LDR in the same manner and subject to the same provisions for the collection of other tax debts. La. R.S. 51:1787 I.

In this case, LDR received notice from LED that the contract was cancelled and that LDR was to recover the investment tax credit. As a result of the notice of cancellation, LDR sent the assessment containing the amount alleged to be owed to appellant. LDR's duty to recover the investment tax credit is mandatory. See La. R.S. 51:1787 I; La. R.S. 1:3. The statute does not require LDR to make its own determination as to whether the underlying contract was validly cancelled. The statute only requires LDR, upon notice of cancellation, to recover the investment tax credit in the "same manner and subject to the same provisions for the collection of other tax debts." In response to the assessment, appellant filed an appeal with the BTA contesting the cancellation of the contract. In the petition, appellant argued that it complied with the hiring requirements of the contract and therefore the assessment by LDR was improper.

La. R.S. 47:1407 provides that the BTA has jurisdiction over all matters related to assessments; however, that jurisdiction does not encompass the underlying

contractual dispute. The First Circuit correctly determined that the BTA did not have jurisdiction to determine the merits of the underlying contractual dispute and dismissed appellant's claims against LED and BCI. The underlying contract claim is the primary issue in this dispute, and jurisdiction in this case as to the underlying contract is proper in the Nineteenth Judicial District Court. See La. Const. Art. 5, §16; La. R.S. 13:5104. The assessment by LDR is a secondary issue that is contingent upon a ruling on the underlying contractual dispute. Appellant did not contest this ruling; rather, appellant filed an amended petition removing defendants LED and BCI and all claims against them.[2]

It is undisputed that the underlying contract was cancelled based on a finding that appellant violated the hiring requirement terms of the contract. Appellant filed an administrative appeal as to the cancellation of the contract, which was unsuccessful. Neither this Court, nor the BTA, can resolve the underlying contract dispute without determining whether appellant complied with the hiring requirements of the contract. Because the BTA does not have jurisdiction over the underlying contract, it cannot examine whether the hiring requirements of the contract were violated in determining if the assessment in this case was erroneous. We find the BTA correctly applied the law in concluding that the BTA does not have jurisdiction to determine (1) the merits of the underlying contract; or (2) whether the hiring requirements of the underlying contract were violated in determining if the assessment in this case was erroneous.

We further find that the BTA correctly concluded that its jurisdiction does allow it to review LDR's action in *issuing* the assessment. La. R.S. 51:1787 I provides:

> If the collecting agencies receive notice that the rebate or credit, or any part thereof, has ceased by reason of a violation of the terms of the contract under which it was

---

[2] We also note that appellant has not filed a lawsuit in the 19th JDC contesting the cancellation of the underlying contract by BCI.

> granted, then the amount of the credit for the year in which the violation occurred and for each year thereafter in which the violation is not remedied shall be considered a tax due as of December thirty-first of the year in which the violation occurred, and for each year thereafter in which a credit is used and the violation is not remedied, and it ***shall be collected by the collecting agencies in the same manner and subject to the same provisions for the collection of other tax debts***. (Emphasis added.)

Thus, in order to prove it was entitled to summary judgment under the facts of this case, LDR was only required to show that (1) it received notice that the "rebate or credit. . . has ceased by reason of a violation of the terms of the contract under which it was granted"; (2) the amount it seeks to recover is the same amount of the credit or rebate provided to the taxpayer; and that (3) the credit or rebate, which is now a tax due, is collected "in the same manner and subject to the same provisions for the collection of other tax debts."

It is undisputed, and the exhibits in support of LDR's motion for summary judgment showed, that (1) LDR received notice of the cancellation of appellant's contract with BCI; (2) LDR properly issued appellant an assessment pursuant to the requirements of La. R.S. 51:1787 I, La. R.S. 47:1561.2, and La. R.S. 47:1561; and (3) the tax amount in the assessment is equal to the investment tax credit received by appellant. Appellant did not assert or submit any evidence to show that LDR did not comply with the requirements of issuing the assessment or in correctly calculating the amount of tax due on the assessment. Additionally, because the BTA does not have jurisdiction to determine the merits of the underlying contractual dispute, we further find no error in the BTA's ruling excluding Ms. Clary's affidavit to the extent that her statements are relevant to the merits of the underlying contractual dispute.

Upon *de novo* review of the record, we find that no genuine issues of material fact remain, and that LDR is entitled to judgment as a matter of law. Accordingly,

we find appellant's arguments on appeal are without merit and affirm the judgment under review.

**DECREE**

For the reasons stated herein, we affirm the judgment of the Board of Tax Appeals granting the LDR's motion for summary judgment and denying appellant's motion for summary judgment.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 30, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-CA-372

**E-NOTIFIED**
BOARD OF TAX APPEALS (CLERK)
CLOYD F. VAN HOOK (APPELLANT)          STEPHANIE LE GRANGE (APPELLEE)

**MAILED**
LOUISIANA BOARD OF TAX APPEALS
POST OFFICE BOX 3217
BATON ROUGE, LA 70821

DEBRA D. MORRIS (APPELLEE)
BRIAN C. DEJEAN (APPELLEE)
ATTORNEYS AT LAW
LOUISIANA DEPARTMENT OF REVENUE
POST OFFICE BOX 4064
BATON ROUGE, LA 70821

BRETT S. LALA (APPELLANT)
ATTORNEY AT LAW
601 POYDRAS STREET
SUITE 2355
NEW ORLEANS, LA 70130

MIRANDA Y. SCROGGINS (APPELLEE)
ANTONIO C. FERACHI (APPELLEE)
ATTORNEYS AT LAW
STATE OF LOUISIANA
DEPARTMENT OF REVENUE
POST OFFICE BOX 4064
BATON ROUGE, LA 70821

DREW M. TALBOT (APPELLEE)
DANIELLE B. CLAPINSKI (APPELLEE)
ATTORNEYS AT LAW
LOUISIANA DEPARTMENT OF ECONOMIC
DEVELOPMENT
POST OFFICE BOX 94185
BATON ROUGE, LA 70804-9185